Dewey, J.
This was a petition for a divorce by the wife against the husband. The issue having been made, and the evidence heard, the Court below granted the divorce, and decreed to the petitioner alimony to the amount of $1,866.66, founded upon an estimate of the personal property of the defendant. It was also decreed, that, until the further order of the Court, the defendant pay. to the petitioner, or to the clerk of the Court for her use, $150 every six months until the said sum of $1,866.66 be fully paid. The guardianship of a child was given to the petitioner until the further order of the Court, and the defendant decreed to pay to the petitioner $10.00 in ten days, and $6.00 every ninety days, until further order for the care and guardianship of the child, and for its support. Costs were also decreed against the defendant. The Court, not knowing the yearly rental value of the real estate of the defendant, directed a master in chancery to ascertain it, and report to the next term of the Court, to which term the cause was continued. After the making the decree, and the continuance of the cause for the purpose above stated, the defend *344 ant filed a bill of exceptions; whereupon the Court passed the following order: “And exceptions having been *filed as aforesaid, and a threat and preparations being made by said defendant to carry this cause to the Supreme Court. It is ordered, that in the event of a transcript being called for, the clerk shall withhold the same until, in addition to his own fees, there be paid to him for the petitioner’s use, to enable her to defend any writ of error or appeal in said Supreme Court, the sum of $100. It is further ordered, that said defendant pay to the clerk for the use of the said complainant, as for alimony, the further sum of $30.00, every ninety days, until a final decision of said case in said Supreme Court; but this latter allowance to be wholly inoperative if no appeal or writ of error be taken or sued out.”
H. Brown, for the appellant.
C. Fletcher, 0. Butler and 8. Yandes, for the appellee.
The evidence is spread upon the record; on examining it, we see no cause to disturb the decree of divorce and alimony, including all the orders of the Court up to the time of filing the bill of exceptions. But the conditional deci'ee rendered subsequently we think can not be sustained. The right of appeal is absolute by the statute, and can not be restrained by the Court, except so far as to see that proper security be given by the appellant. On the right of a party to a writ of error, there is no restriction whatever in a cause originating in the Circuit Court. The conditional decree had a tendency to restrain the right of appeal, or of suing out a writ of error, and is therefore erroneous.
Per Curiam.—The decree as to the divorce, &e., made before the filing of the bill of exceptions, is affirmed; but the subsequent decree is reversed. Cause remanded, &c.