No. 17,412.

## DAVIS *v.* DAVIS.

DIVORCE.—"*Suit Money.*"—*Statute Construed.*—*Discretion.*—The statute providing for "suit money" for the wife in an action for divorce contemplates a sum sufficient to insure an efficient preparation and a fair trial, and what is sufficient to obtain these results the court, under all the facts and circumstances in each particular case, must determine.

SAME.—"*Suit Money.*"—*Abuse of Discretion.*—*Review on Appeal.*—If the trial court abuses or unduly exercises the powers granted to it by this statute, the appellate tribunal will review and correct the wrong done, but before the appellate tribunal will be justified in interfering with the court's order in such cases, the complaining party must affirmatively show that there was an abuse of this discretion, and that the same was prejudicial to the appealing party.

SAME.—"*Suit Money.*"—*When Allowance May Be Made.*—The trial court may, on proper showing, make additional allowances during the progress of the action, and may make an allowance and require the payment thereof either before or after the expenses are incurred.

SAME.—"*Pending Petition for Divorce.*"—*Statute Construed.*—*Allowance.*—The words, "pending a petition for a divorce," as used in the statute, must be construed to mean that period of time intervening between the commencement of the action and the rendition of the final judgment by the trial court.

SAME.—*Vacating Judgment and Afterwards Entertaining Petition for Allowance.*—Where the court has vacated the final judgment and ordered that the cause stand upon the finding announced until the further order of the court, the proceedings are in the same *status* as though the judgment had not been rendered, and the petition is still pending, and the court has the power to entertain a petition for allowance and hear and determine the same.

From the LaGrange Circuit Court.

*Ferrall & Hanan* and *Drake & Merritt*, for appellant.

*O. L. Ballou* and *A. Ellison*, for appellee.

JORDAN, J.—This is an appeal from an interlocutory order entered in the trial court against appellant, requiring him to pay into court the sum of $255.40, al-

lowed to appellee for her use in defraying her expenses, including attorney's fees incurred in the prosecution of an action for a divorce against appellant.

The appellant has assigned errors upon the action of the court in refusing to strike out appellee's application for said allowance, and in overruling his motion to set aside the order allowing appellee said sum of money.

In behalf of appellee, cross-errors have been assigned by her counsel, whereby it is sought to have this court review certain decisions adverse to appellee made by the lower court in the main action.

The record discloses the following facts, which are all that we deem necessary to state, relative to the principal questions involved in this appeal:   On May 2, 1893, appellee filed her complaint for a divorce, upon the alleged cause of extreme cruel treatment by appellant.   She then made an application to the court under section 1042, R. S. 1881, and section 1054, R. S. 1894, for an order for an allowance of money "to insure her an efficient preparation of her case, and a fair and impartial trial thereof." This application was supported by affidavits showing, among other things, that she was destitute of means to prosecute her action, and to support herself and children during its pendency.   It also was made to appear that the appellant was preparing to make a vigorous defense to the action; that he had employed four able and eminent attorneys to manage his said defense, and that appellant would, upon the trial, make an effort to assail the character of appellee for chastity, and that it would be necessary for her to have in attendance at the trial a large number of witnesses.   Appellant appeared and resisted this application, and filed counter affidavits.

It was further made to appear, from affidavits filed and considered by the court, that appellant was a man of considerable means, the owner of property, real and

personal, ranging in value from $13,000 to $20,000, and that he was engaged in a prosperous business. Upon the showing made, the court ordered the appellant to pay into court $300. The trial of the cause was postponed to the September term of court, at which term, upon the issues being joined in the case, appellee made application for another allowance. In her affidavit filed in support of this application, it was stated that appellant sought and necessitated the continuance of the case over from the April to the September term of the court; that during the vacation she was compelled to resort to legal proceedings and procure an order of court to obtain her clothing held by appellant, and also an order relative to the disposition of the children of said parties, and further, that a large number of witnesses had been subpœnaed in the case, and that she would have to pay her board during the trial, and that she had no means or property of her own. Thereupon the court made an additional allowance of $150. Subsequent to this, during the trial, and after the same had been in progress for several days, appellee again applied for an additional allowance. In this application she represented to the court that the money theretofore allowed had been exhausted and the manner in which the same had been expended was set forth therein. Upon this application and showing the court made another allowance of $150. The trial began on the 7th day of September, 1893, and continued from day to day until the 22d day of that month. The cause was on that day, after the argument of counsel, finally submitted to the court; and it appears from the entry in the order-book that the court, at the close of the argument, made a finding against appellee, and refused to grant a divorce, and rendered judgment for cost in favor of appellant.

Thereupon appellee, on September 25, 1893, being the 19th judicial day of the September term, moved the court to set aside its judgment, and also filed an application for an additional allowance. The court overruled her motion to set aside the judgment, and she excepted. Appellant then moved the court to strike out appellee's application for an allowance, which was overruled and he excepted.

On the next following judicial day of said term, appellee renewed her motion to have the judgment theretofore rendered set aside, and filed affidavits in support of the said motion, and in support of her claim for an additional allowance.

The court sustained this last motion, and vacated the judgment, and ordered that the cause stand upon the finding for the defendant until the further order of the court, and then proceeded to hear appellee's application for the last additional allowance upon the affidavits and evidence before it, and upon said hearing awarded appellee $255.40, and ordered that the same be paid appellee by appellant within ten days, and to be in full for her attorney's fees and expenses. To this order appellant excepted, and moved to set the same aside, which motion was overruled and an exception reserved, appeal was prayed, bond filed, also bills of exceptions bringing into the record the several affidavits and orders of court. After making this last order for the allowance in question, and after the appellee had filed her motion for a new trial, and before any action had been taken thereon, the court rendered judgment upon its finding, denying the prayer of appellee for a divorce, and in favor of appellant for cost. It is the order of the court making this last allowance for $255.40 of which appellant complains, and which order he seeks to have reversed in this court. The contentions of the learned

counsel for appellant, briefly stated, are that in view of the facts that the court having found that appellee's allegations for a divorce were not sustained, and having rendered a judgment against her, denying the same, in the first instance, it had no power nor right thereafter to make an order for an additional allowance, and that the court erred in setting aside its judgment over appellant's objections, and then hearing the application for the allowance, and in awarding the same to appellee, and in ordering it to be paid. That the court having from time to time during the pendency of the action allowed sums aggregating $600, which as he contends were sufficient to insure an efficient preparation and a fair trial, therefore the power of the court, under the first clause of section 1442, *supra*, had terminated; and by reason of the fact that the wife was the complaining and unsuccessful party in the divorce proceedings, the court was vested with no power to make the allowance under the second clause of this section.

In behalf of appellee, her learned counsel contend and say that they do not claim that the court attempted to exercise any power granted by the second clause of the section last cited; that all of the orders for allowances, including the one from which this appeal is prosecuted, were made by the court by virtue of the discretionary power granted to it under and by the first clause of this section. Their contentions are that the court had the right and the power, under the law, to make from time to time during the pendency of the action, upon a proper showing, such allowance of money as would insure an efficient preparation of her case, and a fair and impartial trial thereof; that the court in the exercise of its discretionary power did pursue this course upon a proper showing by appellee, and accounting by her for the expenditure of the partial allowances; that

as shown by the affidavit of O. L. Ballou, the judge stated during the trial, when ruling upon an application for an allowance, that in the end he would make such an allowance as would enable appellee to prepare the case and have an impartial trial; that before appellee had made the last application, the court through inadvertence rendered judgment, but upon motion and proper showing of the facts the court set aside this judgment, and thereby the petition was left still pending in court within the meaning of the section of the statute in question, and that hence the court had the power and right to make the order in controversy. It is further insisted that as the proceedings were still *in fieri* when the judgment was vacated, the court possessed the power to change or set aside the judgment at any time during the term, and that under the facts the court did not err in doing so.

The affidavit of Ballou, filed in support of the motion to set aside the judgment, sets forth the following facts:

"Otis L. Ballou, being duly sworn, says that he is one of the attorneys for the plaintiff in this cause; that he has acted as one of her counsel from the beginning of the case until the close of the argument on last Thursday evening, and when the court announced its finding in the case he notified the court that the plaintiff would make some motions in the case, and understood the court to state, in answer, that there would be an opportunity to do so; that the court announced its finding and at once the court adjourned, and affiant says that he was surprised to find on the following morning, at the time of calling court, that a judgment had been entered in the case and a record made thereof; that on the Saturday previous the court, at the time of making an allowance to the plaintiff, ruled that he would make an order for an allowance to the plaintiff, in any event of this suit, for

a sum equal in amount to the expenditure made by the
defendant in the employment of attorneys and the serv-
ices of expert medical witnesses; that in fact the law gave
the plaintiff as much means with which to prosecute her
cause as the defendant properly used in making his de-
fense; that with knowledge of said ruling by the court,
and knowing the expenditure necessarily and properly
made by the plaintiff in the prosecution of her cause, he
made said announcement to the court of the intentions
of the plaintiff to make some motions in the case so that
judgment of the court would be withheld and not entered
of record until she had an opportunity to do so, and un-
derstood from what the court said at the time, and under
the practice of the court in other cases, that the plaintiff
would be entitled to make motions in the case before the
rendition of judgment."

It is evident that if the action of the court below in
making the order and in awarding the allowance com-
plained of can be sustained, it must be held that the
court was exercising the discretionary power granted to
it by the first clause of section 1042, R. S. 1881, and 1054,
R. S. 1894, *supra*, which reads as follows: "Pending a
petition for divorce the court or the judge thereof in vaca-
tion may make  *  *  *" such orders relative to the ex-
penses of such suit as will insure to the "wife an efficient
preparation of her case and a fair an impartial trial
thereof."

The determination of the questions presented and in-
volved in the appeal requires an interpretation of the
above clause.   This provision of the statute invests the
court with discretionary powers in an action for a di-
vorce in making interlocutory orders during the pen-
dency of the action against the husband in favor of the
wife for a temporary allowance of what is generally de-
nominated in law as "suit money."   The object and

purpose of the statute in question in authorizing the court to compel the husband to pay the wife this money, in the event he is shown to have the means or ability to do so, appear to be twofold:

1st. That thereby she may be insured an efficient preparation of her case for trial.

2d. To insure her a fair and impartial trial of the issues involved.

Natural justice and the policy of the law alike demand that in actions between husband and wife for a divorce, the latter, who by reason of her sex and experience in life is generally the weaker and more helpless party in the contest, shall have equal facilities with the husband for presenting to the court her side of the cause. Therefore, in the event it is shown that she is without the necessary means to prepare for and secure a fair trial in the action, while upon the other side the husband is possessed of sufficient means or property to supply this need of the wife, the law, through the agency of the court, compels him to furnish to her such an amount as at least in that respect will render her his equal in the suit. See Bishop Marriage and Divorce, volume 2, section 387.

This is a wise and humane provision of the law, and upon the trial court is enjoined the duty to carefully and properly exercise the discretionary powers thereby granted.

The law does not contemplate that the husband shall be oppressed by the allowance, neither does it intend that where his means are ample the court shall weigh the amount awarded in "the scales of an apothecary." The statute means and intends a sum sufficient to insure an efficient preparation and a fair trial. And what is sufficient for the wife to obtain these results the

court, under all the facts and circumstances in each particular case, must determine.

If the trial court abuses or unduly exercises the powers granted to it by this statute, this court on appeal will review and correct the wrong or injury done. But before we are justified in interfering with the court's order in such cases, the complaining party must affirmatively show that there was an abuse of this discretion, and that the same was prejudicial to the party appealing. The court below was justified, upon a proper showing, if it became necessary, to make additional allowances during the progress of the action.

In *Hedrick* v. *Hedrick*, 28 Ind. 291, this court, on page 293 of the opinion, said: "It was in the power of the court to compel the husband to pay to the wife during the progress of the cause such sums as were necessary for her defense."

It is in the power of the court, under the clause cited, to make the allowance and require the payment thereof, either before or after the expenses are incurred. See *Courtney* v. *Courtney*, 4 Ind. App. 221.

The appellant contends that the court erred in setting aside the judgment over his objections. But as the proceedings were yet *in fieri*, if the court was satisfied from the facts set forth in the affidavit of Ballou, that it had inadvertently rendered its final judgment, it had full power to vacate the same. *Burnside* v. *Ennis*, 43 Ind. 411; *Chicago, etc., R. W. Co.* v. *Johnston*, 89 Ind. 88.

Having this power, we can not hold, under the facts and circumstances, that the court erred in exercising it. Was the order of the court in controversy made during the pending of the petition within the meaning of the letter and the spirit of the statute? The words "pending a petition for a divorce," as employed in the statute, must be construed to mean that period of time intervening be-

tween the commencement of the action and the rendition of the final judgment by the lower court. Therefore, after the court had vacated the judgment given in the first instance and ordered that the cause stand upon the finding announced until the further order of the court, the proceedings were then in the same *status* as though the judgment had not been rendered, and the petition was therefore still pending, and the court was authorized to entertain the appellee's application for the allowance and to hear and determine the same. The evidence is not before us and we are not in a position to judge of the character of the contest in the lower court, considering, however, all of the facts as they appear, which go to establish the financial standing of the appellant and the destitute condition of the appellee as to property or means, the eminent and able counsel employed *pro* and *con* in the cause, the length of the trial, etc., all of which were matters, at least, that the court might properly consider in awarding an allowance to the wife for expenses, we can not hold that there was an abuse of discretion by the court in awarding the several sums to the wife from time to time during the progress of the action.

While it is true that the court had, at the time the order for the last allowance was made, found against the appellee, upon her petition for divorce, still that did not deprive the court of the power or right to make the allowance in controversy for the wife's expenses, including her attorney's fees incurred pending the action. As the order must be affirmed, we do not deem it necessary to consider the questions arising out of the rulings of the court in the main action which appellee seeks to present by her cross-assignment of errors.

Finding no available error in the record, the order is affirmed at appellant's cost.

Filed May 27, 1895.