## ZWEIG v. ZWEIG.

[No. 6,810.    Filed December 15, 1910.]

1.    DIVORCE.—*Cruel and Inhuman Treatment.*—*Impairment of Mind or Body.*—Whatever endangers or impairs the soundness of mind, or body, or both, may constitute a cause for divorce on the ground of cruel or inhuman treatment.    p. 595.

2.    DIVORCE.—*Cruel and Inhuman Treatment.*—*Refusal of Husband to Speak to, or Associate with, Wife.*—*Complaint.*—A complaint alleging that the husband for more than two years has refused to speak to his wife, that he refuses to visit the neighbors with her, and does not permit them to visit her, states a cause for divorce. p. 595.

From Lake Circuit Court; *W. C. McMahan*, Judge.

Suit by Louise Zweig against Charles Zweig.    From a decree for plaintiff, defendant appeals.    *Affirmed.*

*F. N. Gavit* and *J. E. Westfall*, for appellant.
*Thaddeus S. Fancher* and *Frank B. Pattee*, for appellee.

WATSON, J.—This was a suit brought by appellee against appellant for an absolute divorce, upon the grounds of cruel and inhuman treatment.    It is alleged in the complaint that they were married on November 12, 1904; that after the lapse of six months from said date, and until February 16, 1907, defendant refused to speak to, or hold any conversation with, appellee, or to permit her in any manner to converse with him, and when she attempted to do so he would say that he wanted to have nothing to do with her; that he refused to visit the neighbors with her, and would not permit the neighbors to visit her.

The complaint was challenged by a demurrer which was overruled, and an exception reserved.    The errors assigned

are: (1) The court erred in overruling the demurrer to the complaint; (2) the decision of the court is not supported by sufficient evidence; (3) the court erred in overruling the motion for a new trial.

Both a sound mind and a sound body are necessary to health. Therefore, whatever threatens to and does impair either or both endangers life or health, and consti-
1. tutes cause for divorce under the fourth subdivision of §1067 Burns 1908, §1032 R. S. 1881, which is as follows: "Cruel and inhuman treatment of either party by the other."

In the case of *Rice* v. *Rice* (1854), 6 Ind. 100, cold neglect was held to be cruel and inhuman treatment, and the court said, with reference to an instruction: "We
2. may remark of this instruction that it seems to contemplate an entirely physical, sensual view of the marriage relation; and if that relation has no aim to the social happiness and mental enjoyments of those united in it, the instruction should have been given. But if it is otherwise, if it be true that we are possessed of social, moral and intellectual natures, with wants to be supplied, with susceptibilities of pain and pleasure; if they can be wounded and healed, as well as the physical part, with accompanying suffering and delight, then, we think, that conduct which produces perpetual social sorrow, although physical food be not withheld, may well we classed as cruel, and entitle the sufferer to relief."

In the case of *Barnes* v. *Barnes* (1892), 95 Cal. 171, 30 Pac. 298, 16 L. R. A. 660, the court well said: "The tendency of modern decisions, reflecting the advanced civilization of the present age, is to view marriage from a different standpoint than as a mere physical relation. It is now more wisely regarded as a union affecting the mental and spiritual life of the parties to it—a relation designed to bring to them the comfort and felicities of home life, and between whom, in order to fulfill such design, there should

exist mutual sentiments of love and respect. 'It was formerly thought that to constitute extreme cruelty, such as would authorize the granting of a divorce, physical violence is necessary; but the modern and better considered cases have repudiated this doctrine as taking too low and sensual a view of the marriage relation, and it is now very generally held that any unjustifiable conduct on the part of either the husband or wife, which so grievously wounds the feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the health, * * * or such as utterly destroys the legitimate ends and objects of matrimony, constitutes extreme cruelty under the statute.' [*Carpenter* v. *Carpenter* (1883), 30 Kan. 712, 744, 46 Am. Rep. 108.] ''

The courts of this, and other states have construed ''cruel and inhuman treatment,'' and like causes, liberally, and in that broader sense which includes more than personal violence. It is also well settled that what constitutes cruel and inhuman treatment will be determined by the facts of a given case, the situation of the parties, their social standing, and their morality and refinement. Anything that tends to humiliate or annoy may as effectually endanger life and health as personal violence, and will afford ground for a divorce. The conduct of the husband in abusive language, treatment and demeanor toward his wife might cause greater suffering to a refined and gentle woman than an act of violence. Such conduct might well be considered as cruel and inhuman treatment. The blows thus inflicted may cause deeper anguish than physical injuries to the person, more enduring and lacerating to the wounded spirit of the gentle woman than actual violence to the person, even though severe. It would make no difference to such a woman whether she received a blow upon the head or the heart. *Rice* v. *Rice, supra; Spitzmesser* v. *Spitzmesser* (1901), 26 Ind. App. 533; *Massey* v. *Massey* (1907), 40 Ind. App. 407; *Barnes* v. *Barnes, supra; Kelly*

v. *Kelly* (1883), 18 Nev. 49, 1 Pac. 194, 51 Am. Rep. 732; *Holyoke* v. *Holyoke* (1886), 78 Me. 404, 6 Atl. 827. The demurrer to the complaint was properly overruled.

It is insisted that the residence of appellee was not fully established. We are of the opinion, upon examination of the record, that the trial court is sustained in its holding with reference thereto. *Jenness* v. *Jenness* (1865), 24 Ind. 355; *Curtis* v. *Curtis* (1892), 131 Ind. 489; *Jonas* v. *Hirshburg* (1897), 18 Ind. App. 581; *Smith* v. *Smith* (1905), 35 Ind. App. 610.

The finding of the court is sustained by the evidence. No error having intervened, the judgment of the trial court is therefore affirmed.