## DICKINSON *v.* DICKINSON.

[No. 8,033. Filed June 26, 1913.]

1. PLEADING.—*Complaint.—Initial Attack on Appeal.*—Where a complaint is questioned for the first time on appeal it will be held sufficient if each element essential to recovery is stated, even though defectively, and in determining the question all intendments will be indulged in favor of the pleading and defects removable by evidence will be deemed to have been cured by the verdict. p. 56.

2. DIVORCE.—*Complaint.—Initial Attack on Appeal.*—Where a complaint for divorce on the ground of cruel and inhuman treatment is attacked for the first time on appeal, the decree will not be

set aside if the averments are sufficient to admit evidence showing treatment that would entitle plaintiff to a divorce on that ground.  p. 56.

3.  DIVORCE.—*Cruel Treatment.—Complaint.—Sufficiency.—*A complaint for divorce on the ground of cruel and inhuman treatment, alleging that the parties have separated and have not since lived together as husband and wife, stating the facts constituting cruel and inhuman treatment, showing plaintiff was without fault, and showing cruel and inhuman treatment culminating in facts which occurred at the time of the separation, and caused plaintiff to leave, is sufficient.  p. 57.

4.  DIVORCE.—*Cruel and Inhuman Treatment.—What Constitutes.—* Any unwarranted and unjustifiable conduct on the part of either the husband or the wife which causes the other spouse to endure suffering and distress to such a degree as to wholly destroy peace of mind, and make life with such spouse unbearable, and which completely destroys the real purpose and objects of matrimony, constitutes such treatment as will justify the granting of a decree of divorce on the ground of extreme cruelty, although no physical acts of cruelty may have been inflicted.  p. 57.

5.  DIVORCE.—*Cruel and Inhuman Treatment.—Evidence.—Sufficiency.—*On evidence showing that defendant had accused plaintiff of stealing his money, with having sexual intercourse with his son, with adultery with other men, that he called her a liar and applied vulgar epithets, that he taunted her and made cruel remarks as to her physical appearance, that he often would not speak to her for a period of two weeks, except to quarrel with her, and that he told her a number of times that he would be the happiest man on earth when he got rid of her, etc., a decree in favor of plaintiff on the ground of cruel and inhuman treatment was justified.  p. 57.

6.  APPEAL.— *Review.— Evidence.— Conclusiveness of Decision.—* This court on appeal cannot weigh the evidence, and where there is some evidence to support a decision such decision will not be disturbed.  p. 58.

7.  DIVORCE.—*Alimony.—Attorney Fees.—Excessiveness of Allowances.—*In a divorce action, where defendant testified that he was worth at least $18,000, and the only evidence as to the value of attorney fees fixed $500 as a reasonable amount, it cannot be said that an allowance to plaintiff of $2,200 alimony and $300 for attorney fees was excessive.  p. 59.

From Superior Court of Madison County; *George H. Gifford,* Special Judge.

Action by Ella Dickinson against Henry Dickinson.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Kittinger & Diven,* for appellant.

*J. M. Farlow* and *Chipman & Pence,* for appellee.

IBACH, J.—Appellee brought this action against appellant, for a divorce on the grounds of cruel and inhuman treatment. The court granted her a divorce and a judgment for $2,200 alimony and $300 attorney's fees.

In brief, the complaint alleges that plaintiff and defendant were married on February 12, 1907, and lived together as husband and wife until October 27, 1910, upon which latter date plaintiff, on account of the conduct of defendant toward her, was forced to leave him, and they then separated and have not lived together and will not live together as husband and wife again; that almost immediately after their marriage defendant commenced to treat plaintiff in a cruel and inhuman manner and continued such treatment until the date of their separation; that he was quarrelsome toward her and constantly nagged at her and found fault with her and everything she did, that he taunted her on account of her hair and her physical make up; that he became angry with her and abused her about almost everything she did; that she did the housework during the time she lived with defendant, and from the dairy and produce kept up the household expenses and thereby expended all of the proceeds, but defendant charged her continually with keeping and secreting money, and would falsely charge her with stealing his money, and told her she ought to be in the penitentiary; that defendant knew that it took all the proceeds of the produce to keep up the household, yet when she asked him for money to buy some necessity for herself, he would refuse to give it to her and accuse her of keeping his money, and fly into a rage, and tell her that she had plenty of money or ought to have; that he would become and remain angry with her for weeks at a time and refuse to speak to her except to quarrel with her and abuse her; that he would demand an accurate account of every bit of money she expended, and when she would tell him, he would say to her, "You are tell-

ing a lie;'' that he told her many times to leave him and that he would be the happiest man in the world if she would do so; that when she married him she had $40 of her own money, and he compelled her to spend it for her own necessities; that he was extremely jealous of her and by insinuation falsely charged her with being unduly intimate with his own son and with her brother-in-law; that the day she left him he quarreled with her and abused her almost the entire day because she had her spectacles repaired; that defendant's said conduct toward and treatment of the plaintiff was continuous from about three weeks after their marriage to the date of their separation; that said conduct and treatment on the part of defendant caused plaintiff great mental anguish and destroyed her peace of mind and made her nervous and sick, and finally she was unable to longer endure it and left him as aforesaid; that plaintiff was at all times a good and dutiful wife to defendant and never gave him any cause, reason or excuse whatever for his said conduct, treatment and accusations.    Then follows the prayer and the affidavit of residence.

Appellant has questioned for the first time in this court the sufficiency of the complaint to state a cause of action. To this it may be said that where a complaint is first

1. attacked on appeal it will be held sufficient if each essential element of a right of recovery is stated, even if defectively, all intendments are made in favor of the pleading, and defects which might be removed by evidence, are held to have been supplied by the verdict.    If in a

2. divorce case the complaint is attacked for the first time on appeal, the decree will not be set aside if the averments are sufficient to admit evidence showing treatment which would entitle the plaintiff to a divorce upon the ground of cruel and inhuman treatment.    *Spitzmesser* v. *Spitzmesser* (1901), 26 Ind. App. 532, 60 N. E. 315; *Massey* v. *Massey* (1907), 40 Ind. App. 407, 80 N. E. 977, 81 N. E. 732; *Sweig* v. *Sweig* (1910), 46 Ind. App. 594, 93 N. E. 234.

However, we think that the present complaint would even be sufficient against demurrer, under the rule of construction as announced in the case of *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. The complaint alleges a separation, and that the parties have not lived together as husband or wife since, it states the facts constituting cruel and inhuman treatment, it shows the plaintiff to be without fault, and shows cruel and inhuman treatment culminating in facts which occurred at the time of the separation, and caused her to leave.

It is also assigned that the court erred in overruling appellant's motion for new trial, upon the grounds that the finding and decision of the court are not sustained by sufficient evidence and are contrary to law. According to the older holdings in divorce cases, a divorce would not be granted on the charge of cruel and inhuman treatment, unless there was either some actual violence proven attended with danger to health or life, or at least some reasonable apprehension of such violence must first have been shown. But the more modern and better considered cases hold that any unwarranted and unjustifiable conduct on the part of either the husband or the wife which causes the other spouse to endure suffering and distress to such a degree as to wholly destroy peace of mind, and make life with such spouse unbearable, and which completely destroys the real purpose and objects of matrimony, constitutes such treatment as will justify the granting of a decree of divorce on the ground of extreme cruelty, although no physical acts of cruelty may have been inflicted. Appellant admitted on the witness stand that he believed his wife to have been intimate with his son, and that he had by remarks made to her intended her to understand that he so believed. Her evidence showed that although she had never been intimate with other men, and had never given any grounds for such belief unless to an inor-

dinately jealous mind, yet he had repeatedly insinuated that she was guilty of adultery. It also shows that he frequently swore at her, and called her a liar, that he gave her only about $10 in money during the time they lived together, except the amount from the produce which went for household expenses, that he made cruel remarks about her personal appearance, that he was usually in an ill humor with her, that he would sometimes not speak to her for two weeks unless he had to, that he told her a number of times that he would be the happiest man on earth when he got rid of her, and that he had been living in hell ever since he married her. Her testimony is that all the money from the produce was spent for the household; he believed that she was using some of this money for other purposes, reproached her for so doing many times, and when she denied it, called her a liar, with various profane qualifying epithets. He denied much of her testimony, but reiterated at the trial his belief that she had more money from the produce than she spent for the household, and used it elsewhere, and that she was guilty of adultery with his son. The son denied any intimacy with his step-mother. The evidence above set forth, and the other evidence in the case was such that the court could find that by continual unfounded accusations of spending his money without his knowledge, and even of theft, and by insinuations of adultery, as well as by many and repeated remarks disparaging to her person and character he made her married life so miserable and unhappy that because of his cruelty and inhuman treatment she was unable to live with him, all without her fault. The testimony of appellant would show a different state of facts, but this court

6. cannot weigh the evidence, and where there is some evidence to support a decision, that decision will not be disturbed. The trial court had the witnesses before it, and could judge from their demeanor and manner whether appellee or appellant was narrating the truth.

It is also argued that the court allowed an excessive

amount of alimony. By appellant's own testimony he was worth at least $18,000, and other witnesses valued his

7. land more highly than he did. The only testimony as to the value of attorney's fees fixed $500 as a reasonable amount. The court allowed $2,200 alimony and $300 attorney's fees. We can not say that this was excessive.

No error appears, and the judgment is affirmed.

NOTE.—Reported in 102 N. E. 389. See, also, under (1) 31 Cyc. 763, 769; (3) 14 Cyc. 667; (4) 14 Cyc. 599; (5) 14 Cyc. 699; (6) 3 Cyc. 348; (7) 14 Cyc. 765, 776. As to alimony and its allowance, see 60 Am. Dec. 665. As to what judgments or orders may be appealed from, see 20 Am. St. 173. As to cruelty as ground for divorce, see 29 Am. Dec. 674; 73 Am. Dec. 619, 40 Am. Rep. 463, 51 Am. Rep. 736; 65 Am. St. 69. As to cruelty and abuse forcing spouse to leave marital home as desertion, see 29 L. R. A. (N. S.) 614. For a discussion of the necessity of personal violence to constitute cruelty warranting a divorce, see 9 Ann. Cas. 1090.