## Cirtin v. Cirtin.

[No. 25,476.   Filed April 6, 1928.]

1. JUDGMENTS.—*Interlocutory order or judgment defined.*—An interlocutory judgment, order or decree is one made before the final hearing on the merits.   p. 739.

2. DIVORCE.—*Statute authorizing allowance of suit money construed to preclude such allowances after final judgment.*—The divorce statute provides that, "pending a petition for divorce," the court may make such orders as to suit money as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof (§1109

---

Burns 1926), the words "pending a petition for divorce" meaning the period of time between the commencement of the action and the rendition of the final judgment.    p. 739.

3.    APPEAL.—*Appeal from order allowing suit money in divorce action.*— An order allowing "suit money" to the wife in a divorce case, made after final judgment therein, is not an interlocutory order, and an appeal therefrom must be taken to the Appellate Court (§1356 Burns 1926).    p. 739.

From Vigo Superior Court; *William T. Gleason*, Judge.

Action for divorce by Harvey J. Cirtin against Gertrude Cirtin, in which the defendant filed a cross-complaint.    After final judgment for the wife and appeal by the husband, the court made an order requiring the husband to pay into court a specified sum for attorneys' fees and other expenses in defending the appeal.    For this order, the husband appealed to the Supreme Court. *Transferred to the Appellate Court for want of jurisdiction.*

*E. L. Swadener* and *Stimson, Stimson & Davis,* for appellant.

*Thomas F. O'Mara* and *B. F. Small,* for appellee.

PER CURIAM.—In the lower court, the appellee was granted a divorce from the appellant, on her cross-complaint, and was given alimony in the sum of $1,500. Appellant's motion for a new trial was overruled, and he then appealed from the judgment rendered against him to the Appellate Court.    After the appeal was perfected, on motion of the appellee in the trial court, the cause was redocketed, and she filed a verified petition for allowance for attorney's fees and expenses to defend the appeal taken.    This petition was submitted to the court, and it was considered and adjudged that the plaintiff pay into court the sum of four hundred dollars for defendant's attorneys for defending the appeal and expenses of the appeal.    From that order or judgment, the appellant has appealed.    The appellee has filed a motion to dismiss this appeal, claiming that the order

appealed from was an interlocutory order and that the transcript and assignment of errors were not filed within a period of thirty days and that a bond was not filed, all as required by §713 Burns 1926. If the order or judgment appealed from was interlocutory, the appeal should be dismissed, and if it was not interlocutory, the jurisdiction of the appeal is in the Appellate Court.

1, 2. An interlocutory judgment, order or decree is one made before the final hearing on the merits. 2 Watson, Rev. of Works' Practice §2244; 1 Hogate, Pleading and Practice §739; 1 Freeman, Judgments (5th ed.) §38. An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order, and is sometimes called an interlocutory judgment. *Pfeiffer* v. *Crane, Gdn.* (1883), 89 Ind. 485, 487; *Western Union Telegraph Co.* v. *Locke, Admr.* (1886), 107 Ind. 9, 11, 7 N. E. 579. The words "pending a petition for divorce," as used in the statute, must be construed to mean that period of time intervening between the commencement of the action and the rendition of the final judgment by the trial court. *Davis* v. *Davis* (1895), 141 Ind. 367, 40 N. E. 803.

3. The order or judgment appealed from herein is not an interlocutory order, as same was made after the final judgment. Therefore, the jurisdiction of this appeal is in the Appellate Court. Acts 1925, ch. 201, §1, §1356 Burns 1926.

The cause is ordered transferred to the Appellate Court.