## RINGENBERG *v.* RINGENBERG.

[Nos. 16,727 and 16,772. Filed January 22, 1942.]

*Seth E. Rowdabaugh,* of Warsaw, for appellant.

*Donald Vanderveer* and *Allan S. Widaman,* both of Warsaw, for appellee.

FLANAGAN, J.—Appellee was granted a divorce from appellant on his cross-complaint which charged cruel and inhuman treatment and appellant was awarded alimony in the sum of $500.00.

Appellant thereafter petitioned the trial court for suit money, support and attorney fees pending the appeal, which petition was denied. Separate appeals from the original judgment granting the divorce and from the judgment denying the subsequent petition have been consolidated.

In the original action, the trial court overruled appellant's motion for a new trial which questioned the sufficiency of the evidence, the amount of the alimony, and the ruling of the court on certain offered evidence. The questions presented to the trial court under appellant's motion for a new trial are now presented here.

Appellant insists that it is the duty of this court to weigh the evidence under § 2-3229, Burns' 1933, § 467, Baldwin's 1934. That statute, however, does not authorize us to weigh conflicting oral evidence. *State Life Insurance Co.* v. *Cast* (1938), 214 Ind. 17, 13 N. E. (2d) 705; *Parkison* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109. If there is some evidence to support the decision, it will not be disturbed. *Dickinson* v. *Dickinson* (1913), 54 Ind. App. 53, 102 N. E. 389.

Cruel and inhuman treatment includes mental as well as physical cruelty. *Dickinson* v. *Dickinson, supra.*

Appellant and appellee were married August 21, 1937, and separated January 6, 1940. Appellant was about 56 and appellee about 65 at the time of their marriage. There is evidence that beginning about a year after the marriage and continuing to the time of final separation there were frequent periods when appellant, without apparent reason and without explanation, became "sour" and would not speak to appellee for periods of as long as a week at a time. Frequently, without apparent reason or explanation, she would leave their home and be gone for as long as a week at a time and would refuse to tell appellee where she went or what she was doing. She talked about getting hold of his property. About a month before the separation, she took a separate room and ended the relationship of husband and wife. Finally, without warning, she loaded up a large part of their furniture while he was away from home, left him, and filed suit for divorce the next day.

We think this evidence is sufficient to sustain the decision of the trial court that appellant was guilty of cruel and inhuman treatment.

Appellee possessed a net estate valued at about $10,000 to $14,000, all of which he owned before the marriage. Appellant possessed real estate of the value of $1,000 which she owned before the marriage and some personal property which was not valued by the evidence. The court gave her the household goods which she took when she left appellee and also awarded her alimony of $500. This is exactly what she would have received upon appellee's death under an antenuptial agreement which the parties had entered

into. In view of the fact that the court found that the marriage had to be dissolved because of the misconduct of appellant, we cannot see wherein she has cause to complain when given as much as she would have received had the marriage been dissolved by appellee's death. The amount of alimony, if any, to be allowed rests largely in the discretion of the trial court. *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. (2d) 114. We cannot say that it here abused its discretion.

During the trial, appellant offered to testify as to conversations had with appellee before the marriage and before entering into the antenuptial agreement as to how they were going to handle their business affairs after the marriage. These conversations were in no way relevant either as to the question of divorce or the question of alimony and were properly excluded.

That clause of § 3-1216, Burns' 1933, § 923, Baldwin's 1934, which provides for allowances to the wife "pending a petition for divorce," refers to that period of time intervening between the commencement of the action and the rendition of final judgment by the trial court. *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493; *Davis* v. *Davis* (1895), 141 Ind. 367, 40 N. E. 803. In cases of this kind, where the wife is denied a divorce and one is granted the husband, the statute does not provide for allowances pending an appeal. Appellant's petition for allowances pending appeal was properly denied.

Judgment affirmed in both appeals.

NOTE.—Reported in 38 N. E. (2d) 870.