## STEPHENSON *v.* STEPHENSON.

[No. 16,962.  Filed October 20, 1942.]

*Warren B. Allison* and *L. A. Douglass,* both of Jeffersonville, for appellant.

*McBride & Smith,* of Jeffersonville (*James W. Sweeney,* of Jeffersonville, of counsel), for appellee.

STEVENSON, P. J.—The appellee instituted this action against the appellant to obtain a divorce.

The complaint charged cruel and inhuman treatment. Upon the trial of the case the court granted the appellee

a divorce, and entered a judgment in favor of the appellant for $900.00 alimony, together with the costs of this action. A motion for new trial was filed and overruled, and this appeal has been perfected.

The only error assigned on appeal is the alleged error in overruling appellant's motion for a new trial. Under this assignment of error, the appellant contends that the finding of the court is not sustained by sufficient evidence.

The appellant contends that there is no evidence showing any element of cruel or inhuman treatment.

The evidence most favorable to the appellee discloses that the appellee and the appellant were married April 17, 1915, and at the time of their separation lived in Jeffersonville, Indiana. The separation occurred May 10, 1940.

The appellee testified that the appellant prior to their separation was quarrelsome and abusive toward the appellee; that it was impossible for him to please her; that the appellant made insulting remarks about the appellee's people; falsely accused his sisters of being immoral, and was insanely jealous. The appellee further testified that the appellant was high-tempered, unreasonable and dictatorial in her demands, and had wholly destroyed his peace of mind. The appellee further testified that he found it impossible to live with his wife in peace and harmony because of her conduct.

Courts have frequently had before it for consideration the sufficiency of evidence which warrants a court in concluding that the same establishes cruel and inhuman treatment. The general rule was laid down by this court in the case of *Dickinson* v. *Dickinson* (1913), 54 Ind. App. 53, 57, 102 N. E. 389. This court said:

". . . the more modern and better considered cases hold that any unwarranted and unjustifiable conduct on the part of either the husband or the wife which causes the other spouse to endure suffering and distress to such a degree as to wholly destroy peace of mind, and make life with such spouse unbearable, and which completely destroys the real purpose and objects of matrimony, constitutes such treatment as will justify the granting of a decree of divorce on the ground of extreme cruelty, although no physical acts of cruelty may have been inflicted."

The same question was before the Supreme Court of this State in the recent case of *Wharton* v. *Wharton* (1941), 218 Ind. 345, 351, 32 N. E. (2d) 695, in which the Supreme Court said:

". . . there was evidence from which the court might have found that appellee's friends and relatives were prevented from visiting his home by the attitude of the appellant; that the appellant failed and refused to cook his meals; that appellant considered the welfare of her parents more important than the welfare of the appellee; that there was serious quarreling between them; and that the relations between them had reached such a state that they both considered it impossible for them to live together again as husband and wife. This was sufficient to support the charge of cruel and inhuman treatment."

Measured by these rules, it is apparent to this court that there was evidence from which the trial court might have reasonably found that the acts of the appellant were such as constituted cruelty under the law.

The court has read the transcript of the evidence in this case, and, while the record discloses few specific instances of misconduct, it is clear to us that the conduct of the appellant as described generally was such as

eventually resulted in the breaking up of the appellee's home. This court has held that where ". . . the acts of the wife have rendered the continuance of the marital relation so intolerable to the husband as to endanger his physical well-being," such conduct constitutes cruel treatment within the meaning of the law, even though there be no actual physical violence. *Massey* v. *Massey* (1907), 40 Ind. App. 407, 410, 80 N. E. 977.

It is our opinion that the judgment of the trial court is supported by sufficient evidence.

The appellant further complains of the action of the court in excluding the evidence of a witness as to statements made by the appellee herein to the effect that he had been untrue to his wife. The record discloses that the witness was the pastor of appellee's church, and to the question propounded the appellee objected on the ground that the communication if any was made by appellee, was privileged. The court sustained this objection. No offer to prove was made by the appellant at the time of the objection or at the time of the ruling of the court thereon. In the absence of such an offer, it is not necessary for this court to pass upon the correctness of the ruling. This court has repeatedly held that, in the absence of an offer to prove, no error can be predicated upon sustaining an objection to a question propounded on examination in chief. *Inter-Ocean Casualty Co.* v. *Wilkins* (1933), 96 Ind. App. 231, 182 N. E. 252.

It is our opinion, therefore, that the record before us presents no reversible error. There being no reversible error shown, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 208.