BONE *v.* BONE.

[No. 19,603. Filed January 18, 1962.]

*Carl E. Stilwell* and *Stilwell, Hackemeyer & Life,* of counsel, of Indianapolis, for appellant.

*Dulberger & Heeter* and *Murray E. Dulberger,* of Indianapolis, for appellee.

MYERS, J.—This action was brought by appellee against appellant for an absolute divorce, based upon grounds of cruel and inhuman treatment, and requesting custody of minor children. Appellant filed a cross-complaint, praying for separation from bed and board for a period of five years, alleging that appellee had been guilty of gross and wanton neglect of conjugal duty for a period of six months or more, and requesting custody of the children.

After the issues were closed and the cause submitted, the trial court heard the evidence and found for appellee and against appellant. The decree awarded appellee an absolute divorce, custody of the children and a support order for them, alimony and a determination of her property rights.

Appellant filed a motion for new trial, asserting that the decision of the court was not sustained by sufficient evidence and was contrary to law. The trial court overruled the motion and this appeal followed. The assignment of error is based upon the overruling of appellant's motion for new trial.

The only argument presented by appellant is limited solely to appellee's right to a divorce. He claims the decree is contrary to law because there was evidence tending to show that appellee was herself liable to a charge which is ground for divorce. He further claims that there was no competent evidence presented below from which the conduct of appellant could be designated as cruel and inhuman. He presents no argument as to the finding against him on his cross-complaint, his right to custody of the children, the amount of alimony or the adjudication of their property rights. Thus, these matters are waived.

We shall consider the evidence most favorable to appellee to determine whether or not the evidence and all reasonable inferences deducible therefrom support the finding that appellant was guilty of cruel and inhuman treatment toward appellee. If there is any substantial evidence of probative value to sustain the finding and decision of the trial court, the judgment must be affirmed. *Mitchell* v. *Mitchell* (1956), 126 Ind. App. 377, 133 N. E. 2d 79; *Poore* v. *Poore* (1955), 125 Ind. App. 392, 125 N. E. 2d 810.

We do not feel it necessary to go into detail concerning the evidence revealed by the record. The only witnesses who took the stand, other than the two residence witnesses, were appellant and appellee. As may be expected in these cases, their testimony was conflicting. Each one charged the other with acts which were claimed to constitute grounds for divorce, although appellant only asked for separation from bed and board.

From the evidence, the trial court could have found unjustifiable conduct on the part of appellant which destroyed the legitimate ends and objects of the marriage. This is cruel and inhuman treatment. *Van Antwerp* v. *Van Antwerp* (1954), 125 Ind. App. 65, 69, 122 N. E. 2d 137. It could have found that this conduct caused suffering and distress to appellee which affected her peace of mind and made living with appellant unbearable. *Stephenson* v. *Stephenson* (1942), 112 Ind. App. 191, 44 N. E. 2d 208.

As to appellant's charge against appellee, we quote from Judge Royse's opinion in *Stinson* v. *Stinson* (1947), 117 Ind. App. 661, 662, 74 N. E. 2d 745, 746, as follows:

"It is true, as contended by appellant, that where each of the married parties have committed a

matrimonial offense which is a cause for divorce, when one seeks this remedy the trial court will not grant either party a divorce. In this case the trial court, by its judgment, presumably determined this condition did not exist. We cannot overrule its finding without weighing the evidence. This we are not permitted to do. *Sostheim* v. *Sostheim* (1941), 218 Ind. 352, 32 N. E. (2d) 699."

Judgment affirmed.

Ryan, C. J., and Ax and Cooper, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 584.