## STATE EX REL. DEMOSS, ETC. *v.* DAVIESS CIRCUIT COURT.

[No. 30,289. Filed November 1, 1962.]

*Curtis V. Kimmell,* and *Kimmell, Kimmell & Funk,* of Vincennes, for relator.

ACHOR, J.—Relator has filed a petition for writ of prohibition, directing the respondent to refrain from making any further orders in a certain cause of action entitled Jacob Lee DeMoss, By his Next Friend, Jacob L. DeMoss v. Patricia Ann DeMoss, wherein the trial court entered a decree granting an annulment of marriage to the plaintiff and thereafter entered an order for support and suit money pending appeal. It is relator's contention that the respondent was without jurisdiction to enter the order for support and suit money. This court issued a temporary writ.

In support of the petition relator cites and relies upon the case of *Ringenberg* v. *Ringenberg* (1942), 110 Ind. App. 290, 38 N. E. 2d 870. In that case the court held:

"That clause of §3-1216, Burns' 1933, §923, Baldwin's 1934, which provides for allowances to the wife 'pending a petition for divorce,' refers to that period of time intervening between the commencement of the action and the rendition of final judgment by the trial court. *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493; *Davis* v. *Davis* (1895), 141 Ind. 367, 40 N. E. 803. In cases of this kind, where the wife is denied a divorce and one is granted the husband, the statute does not provide for allowances pending an appeal. Appellant's petition for allowances pending appeal was properly denied."

However, in the more recent case of *State ex rel. Sims* v. *Hendricks C. C. et al.* (1956), 235 Ind. 444, 446, 447, 134 N. E. 2d 211, this court reached a different conclusion and overruled earlier cases which were in conflict therewith. In the latter case this court enunciated the law as follows:

"There is no doubt that the right in the trial court to make an allowance to the wife for support and suit money pending an action for ■ divorce exists independent of statutory provisions. *State ex rel. McNabb* v. *Allen Sup. Court* (1947), 225 Ind. 402, 75 N. E. 2d 788; *Crowell* v. *Crowell* (1942), 219 Ind. 472, 475, 39 N. E. 2d 602; *Snider* v. *Snider* (1913), 179 Ind. 583, 102 N. E. 32. See also *Brown* v. *Brown* (1945), 223 Ind. 463, 466, 61 N. E. 2d 645. We believe the trial court also has the inherent power to make an allowance to the wife for support and expenses, including counsel ■ fees, when she is forced to defend an appeal, and 'it' is almost universally held that, pending an appeal in a matrimonial action, the trial court has jurisdiction to allow both temporary alimony pending the appeal and suit money

to prosecute or defend the appeal. . . . .' Nelson, Divorce and Annulment (2d Ed.) §12.50, p. 454. See also 27 C. J. S. p. 893, §207(d), and page 920, §221(b) ; 17 Am. Jur. p. 444, §557, and p. 420, §516, p. 458, §580.

. . .

The cases of *Martin* v. *Martin* (1843), 6 Blackf. 321, and *Ringenberg* v. *Ringenberg* (1942), 110 Ind. App. 290, 38 N. E. 2d 870, in so far as they are in conflict with our present holding, are overruled.

The fact that allowances to the wife for her defense of her appeal may be erroneous does not deprive the trial court of jurisdictional power to make them. Since a writ of prohibition from this court can only be used to confine lower courts to their lawful jurisdiction, the temporary writ was improvidently issued, and the same is now vacated."

The legislature has not seen fit to amend the statute [Acts 1939, ch. 160, §1, p. 738, being §3-1216, Burns' 1946 Repl.] since the above cited decision of this court. Therefore, upon the authority of *State ex rel. Sims* v. *Hendricks C. C. et al.*, *supra*, the temporary writ heretofore issued is vacated and the petition for a permanent writ is denied.

Arterburn, C. J., not participating.

Bobbitt, Jackson and Landis, JJ., concur.

NOTE.—Reported in 185 N. E. 2d 621.