## HARTLEROAD *v.* HARTLEROAD.

[No. 20,682. Filed January 29, 1968. No petition for rehearing filed.]

*Richard M. Rhodes,* of Peru, for appellant.

*Russell T. Keith,* and *Keith & Berkshire,* of Peru, for appellee.

FAULCONER, J.—This is an appeal by the defendant-wife from a judgment of the Wabash Circuit Court granting the plaintiff-husband an absolute divorce. Appellant's sole assignment of error is the overruling of her motion for new trial, which motion contained the specification that the finding of the trial court is not sustained by sufficient evidence and is contrary to law.

On the 15th day of February, 1966, appellee filed in the Miami Circuit Court his complaint against appellant for absolute divorce alleging that the defendant-appellant had been guilty of cruel and inhuman treatment of the plaintiff-appellee. Appellant requested a change of venue from Miami County which was granted and the cause was transferred to the Wabash Circuit Court.

On May 4, 1966, defendant-appellant filed her answer in three paragraphs to which appellee filed reply. The cause was then tried by the court without a jury.

Appellant, to support her contention, argues that the evidence is not sufficient to sustain the finding of the trial court of cruel and inhuman treatment, and that the evidence of the conduct of appellant all took place during the time the parties were legally separated by virtue of a prior decree of the Howard Superior Court which had granted appellant's petition for a decree of separation from bed and board in a previous action.

The record discloses that appellee had previously sued appellant for an absolute divorce in the Howard Superior Court; that appellant cross-filed with her petition for separation from bed and board; that on April 10, 1964, a decree was entered by the Howard Superior Court denying appellee's

divorce on his complaint and granting appellant's cross-complaint and ordering the parties separated until November 1, 1965.

In essence, appellant argues that the decree of the Howard Superior Court granting appellant separation from bed and board and denying appellee an absolute divorce in the previous action is binding upon the Wabash Circuit Court in this action. We agree with appellant to the extent that evidence of conduct shown to have occurred prior to entry of the decree granting separation on April 10, 1964, cannot be grounds for divorce in a subsequent suit for divorce between the same parties. We cannot agree, however, with her contention that conduct subsequent to such decree cannot be grounds for divorce. What appellant seems to argue is that once a spouse is declared guilty of conduct which is legally grounds for a decree of separation that spouse can never receive a divorce thereafter. She also contends, in essence, that since they have not lived together since the decree of separation was entered there can be no subsequent conduct to allow a divorce to be granted. This, in our opinion, is not the law in this State. We have examined those cases cited by appellant and are of the opinion that they do not apply to the facts and circumstances of this cause.

Appellant also argues that the evidence is devoid of any acts which constitute cruel and inhuman treatment.

> "Cruel and inhuman treatment is a relative term, and depends upon the circumstances of each particular case." *Heckman* v. *Heckman* (1956), 235 Ind. 472, 479, 134 N. E. 2d 695.

We will not weigh the evidence but will consider only that evidence most favorable to the appellee to determine whether or not the evidence and all reasonable inferences deducible therefrom support the finding that appellant was guilty of cruel and inhuman treatment toward appellee. If there is any substantial evidence of probative value to sustain the finding and decision of the trial court, the

judgment must be affirmed. *Bone* v. *Bone* (1962), 132 Ind. App. 630, 632, 179 N. E. 2d 584.

"But the more modern and better considered cases hold that any unwarranted and unjustifiable conduct on the part of either the husband or the wife which causes the other spouse to endure suffering and distress to such a degree as to wholly destroy peace of mind, and make life with such spouse unbearable, and which completely destroys the real purpose and objects of matrimony, constitutes such treatment as will justify the granting of a decree of divorce on the ground of extreme cruelty, although no physical acts of cruelty may have been inflicted." *Dickinson* v. *Dickinson* (1913), 54 Ind. App. 53, 57, 102 N. E. 389.

The evidence in this cause shows that both parties were previously married and had families. That they were married on March 3, 1962, and lived together until March 12, 1963, and have not lived together since. The evidence further shows that no children were born of this union and that their property rights were fully settled and are not an issue here.

It is our opinion, under all of the facts and circumstances of this cause that the evidence of the conduct of the appellant is of sufficient probative value to sustain the decision of the trial court in granting appellee a divorce from the appellant.

The following statement of our Supreme Court in *Heckman* v. *Heckman, supra,* (1956), 235 Ind. 472, at page 479, 134 N. E. 2d 695, is, in our opinion, applicable to this cause:

"The trial court has before it, within its sight and hearing, the physical presence of the parties and oftimes [ofttimes] their children. It hears their testimony, notes their actions and reactions, observes their sincerity, emotions, inflections and tones of voice, apparent state of health, and experiences the tenseness of the human drama enacted there within the confines of the court room. The appellate tribunal, on the other hand, has before it only the cold, written record. It sees only words, phrases, sentences, questions, answers, and exhibits. It is without the authority to weigh the evidence and determine only that the requisite principles of law have been observed and duly applied, and that justice has been fairly and impartially administered."

Appellant makes brief reference to evidence that appellee committed acts which are grounds for divorce and, therefore, neither should be granted a divorce. Most of appellant's evidence was directed to the conduct of the appellee. Whether such evidence is sufficient to constitute grounds for divorce was a fact to be determined by the trial court as well as whether the conduct occurred as contended by appellant. The evidence on this issue is conflicting and we will not usurp the power of the trial court.

Finding no reversible error, the judgment should be affirmed.

Judgment affirmed.

Carson, C. J., Cooper and Prime, JJ. concur.

NOTE.—Reported in 233 N. E. 2d 250.