COPELAND *v.* COPELAND.

[No. 168A9, 968A160 Consolidated. Filed June 25, 1969.
No petition for rehearing filed.]

*Paul A. Lennington,* of Muncie, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Charles R. Clark,* of Muncie, for appellee.

PFAFF, C.J.—Appellant seeks reversal of the judgment of the Delaware Circuit Court on the ground that the court's decree of absolute divorce in favor of plaintiff-appellee is contrary to law and is not sustained by sufficient evidence.

Subsequent to the entry of judgment and the overruling of appellant's motion for new trial, appellant initiated an appeal to this court for the above-stated reasons. Thereupon, appellee petitioned the Delaware Circuit Court for an order directing appellant to pay the appellee's attorney's fees that would be incurred in defending the divorce judgment before this court. The court granted the order and directed appellant to pay the sum of $2,000.00 to appellee's counsel for services to be performed in defending the appeal. Subsequent to this order appellant instituted another appeal to this court questioning the validity of the court order directing payment of attorney's fees. Pursuant to the order of this court dated December 19, 1968, these appeals were consolidated and we therefore shall dispose of both questions in this opinion.

At the outset we are confronted with appellant's contention that the trial court was without jurisdiction to adjudicate the issues involved because of the alleged failure of the appellee to meet the requirements of Acts of 1873, ch. 43, § 7, p. 107, as last amended by Acts of 1953, ch. 12, § 1, p. 36, being § 3-1203, Burns' 1968 Replacement, in that the only resident witnesses were a householder and his wife.

In *Carithers* v. *Carithers* (1946), 116 Ind. App. 607, 609, 65 N. E. 2d 640 (Transfer denied), this court stated:

> "Appellant's third proposition concerns the jurisdiction of the trial court in this action. This question appellant seeks to present for the first time on appeal. This she cannot do as to the jurisdiction of the trial court over the parties or the particular action. Jurisdiction of the subject matter may be questioned at any time. However, there is no merit in the contention that the Gibson Circuit Court did not have jurisdiction of the subject matter. It is a court of general jurisdiction and has jurisdiction in actions for divorce."

Appellant's alleged error of lack of jurisdiction over the particular case being raised for the first time on appeal must be waived.

Appellant next contends that the evidence is replete with acts of cruel and inhuman treatment of the appellee toward the appellant, which, under the doctrine of recrimination, would compel any court to deny a divorce.

In *Hartleroad* v. *Hartleroad* (1968), 142 Ind. App. 147, 233 N. E. 2d 250, 252, this court stated:

> "We will not weigh the evidence but will consider only that evidence most favorable to the appellee to determine whether or not the evidence and all reasonable inferences deductible therefrom support the finding that appellant was guilty of cruel and inhuman treatment toward appellee. If there is any substantial evidence of probative value to sustain the finding and decision of the trial court, the judgment must be affirmed. *Bone* v. *Bone* (1962), 132 Ind. App. 630, 632, 179 N. E. 2d 584.
> * * * * *

"The following statement of our Supreme Court in *Heckman* v. *Heckman, supra* (1956), 235 Ind. 472, at page 479, 134 N. E. 2d 695, at page 698, is, in our opinion, applicable to this cause:

" 'The trial court has before it, within its sight and hearing, the physical presence of the parties and oftimes [oftimes] their children. It hears their testimony, notes their actions and reactions, observes their sincerity, emotions, inflections and tones of voice, apparent state of health, and experiences the tenseness of the human drama enacted there within the confines of the court room. The appellate tribunal, on the other hand, has before it only the cold, written record. It sees only words, phrases, sentences, questions, answers and exhibits. It is without the authority to weigh the evidence and determine only that the requisite principles of law have been observed and duly applied, and that justice has been fairly and impartially administered.' "

It is the opinion of this court that under all the facts and circumstances of this case the evidence is of sufficient probative value to sustain the decision of the Delaware Circuit Court in granting appellee a divorce and, further, in denying application of the doctrine of recrimination.

Appellant further argues that the judgment and decree of divorce affected the rights of third parties which were not parties to the immediate action, and, therefore, the judgment exceeded the power of the court. The judgment in pertinent part reads as follows:

"* * * and that defendant is ordered to pay a certain mortgage in favor of Industrial Trust and Savings Bank, of Muncie, Indiana, dated the —— day of ————, 19—, in the original amount of $17,000.00, and the defendant shall hold the plaintiff, Helen Copeland, harmless from the payment of said mortgage; further that defendant, Mayo Copeland, shall pay a certain judgment entered against the parties hereto in the Delaware Superior Court No. 2 under Cause No. 2S66/929, and shall hold the plaintiff, Helen Copeland, harmless on the payment of said judgment, and protect the plaintiff, Helen Copeland, from execution and/or levy of her personal property, real estate or wages because of said judgment, by his payment of said judgment or until

such time as he has sold all of said real estate and personal property with the approval of this Court, and applied the proceeds of said sale to the said judgment, and further that the defendant, Mayo Copeland, shall satisfy said judgment or shall cause said judgment lien on the real estate owned by Helen Copeland released on or before the 20th day of June, 1968."

In *Shula* v. *Shula* (1956), 235 Ind. 210, 214, 132 N. E. 2d 612, the Supreme Court of Indiana stated:

"* * * Second: the court awarded the appellee the residence of the parties valued at $22,000.00, subject to an unpaid mortgage of $1,547.45, 'to be assumed by the plaintiff,' and that 'the defendant shall be relieved of any liability thereon.' The court was without authority to make an order which 'relieved' appellant of liability on the mortgage without the consent of mortgagee or its having been made a party to the action. 27 C. J. S., § 302, p. 1161, § 2-222, Burns' 1946 Repl. (Acts 1881 (Spec. Sess.), ch. 38, § 24, p. 240). * * *."

In our opinion the judgment of the trial court does not violate the rule of the *Shula* case. A careful reading of the judgment discloses that it does not attempt to affect the rights of any individual other than the litigants. In not interfering with the rights of third parties, the judgment was made well within the power of the court.

The next question we shall consider is that which was raised in the appeal initiated subsequent to the appeal questioning the divorce proceedings, namely: the priopriety of the judgment of the trial court which awarded appellee's counsel $2,000.00 for attorney's fees on the appeal questioning the validity of the prior divorce proceedings. Appellant contends that the award of attorney's fees, subsequent to appellant's petition for their allowance, was not sustained by sufficient evidence and was contrary to law. Appellant's argument is premised upon the following contentions: that there was no evidence of the financial inability of appellee to pay the attorney's fees in defense of the appeal; that the amount

awarded was excessive in view of the fact that there was only conjectural evidence as to the amount of time which might be expended in the preparation of briefs, etc.; and that the court in awarding attorney's fees erroneously considered appellee's affidavit of financial inability filed in the original divorce proceedings.

Although not questioned by either party, we believe it essential to state that a trial court does have inherent authority to award attorney's fees to a wife when she is forced to defend an appeal, and, further, that this right exists independent of statutory authority. *State ex rel. De-Moss, etc.* v. *Daviess Circuit Ct.* (1962), 243 Ind. 376, 185 N. E. 2d 621.

The principal question herein, however, does not challenge the court's authority to award attorney's fees, but, rather, questions the sufficiency of the evidence upon which the award was made. The record establishes that the following evidence was presented to the trial court subsequent to appellee's petition requesting attorney's fees in the amount of $2,000.00: the appellee's affidavit of suit and support filed in the original divorce action, expert testimony of members of the bar as to the amount of time necessary to an appeal, the per hour charge of members of the bar for appellate preparation, and appellant's testimony to the effect that he lacked sufficient funds to pay appellee's attorney's fees.

Appellant did not introduce evidence that appellee's requested fees were excessive or that the hourly estimates of the bar members were incorrect, and appellant did not contest appellee's affidavit which alleged that she could not pay for her legal services. Therefore, the evidence was uncontradicted, and on the basis of the evidence heard, the trial court was justified in ordering appellant to pay $2,000.00 to appellee's attorney in the defense of this appeal.

The court had every right to consider appellee's affidavit of insufficient funds for the reason the trial court record was

a part of the original proceeding from which this appeal arose. The allowance of attorney's fees is not a new or different proceeding and merely amounts to an order in furtherance of the original divorce decree. *State ex rel. Smith* v. *Lake S. C.* (1953), 232 Ind. 291, 112 N. E. 2d 207. Therefore, the argument that the appellee's affidavit was a record of a prior judicial proceeding, and was thus improperly considered by the trial court, is without merit. This was, in effect, all the same proceeding, and the court was duly empowered to take judicial notice of the affidavit, which amounted to a court record of the same case. *Halbert* v. *Hendrix et al.* (1951), 121 Ind. App. 43, 95 N. E. 2d 221 (Transfer denied); *Graves* v. *Kelly* (1916), 62 Ind. App. 164, 112 N. E. 899.

Two members of the bar testified, respectively, that appellate preparation of appellee's defense would take from seventy-three to seventy-six hours and from eighty-five to one hundred hours, and that the hourly charge for services would be $25.00 per hour. This evidence was not contradicted by the appellant and was introduced without objection.

In view of the uncontradicted evidence, the court was justified in making the order, and in so doing, it did not abuse its discretion in any manner. The affidavit served as proof of appellee's financial inability, and the expert testimony established the cost of the appeal.

Judgment affirmed. The costs of this appeal shall be assessed against the appellant.

Hoffman, Sharp and White, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 571.