GLORIA A. WILCOX *v.* GERALD E. WILCOX.

[No. 2-376A88. Filed July 28, 1977.]

*William K. Bennett, Bennett, Boehning & Poynter,* of Lafayette, for appellant.

*Louis Pearlman, Jr.,* of Lafayette, for appellee.

LYBROOK, J.—This case was transferred to this office from the Second District in order to help alleviate the disparity in caseloads among the Districts.

Respondent-appellant, Gloria A. Wilcox, brings this appeal following the granting of petitioner-appellee, Gerald E. Wilcox's Petition for Dissolution of Marriage. Gloria specifically challenges the distribution of property which accompanied the dissolution decree. Gerald cross appeals and also challenges the propriety of the distribution of the marital assets.

The facts most favorable to the judgment indicate that Gloria and Gerald were married in 1949 during their final year as undergraduate college students. Both parties graduated. Gerald then continued his education, receiving a Ph.D. degree in 1952. Gloria worked during this time so Gerald could continue his education. Gloria subsequently ceased employment in order to raise the three children which were born of the marriage, all of whom are now emancipated. Gerald is a tenured full professor at Purdue University and has been continuously employed since he received his advanced degree. The marital assets distributed by the court totalled approximately $42,000. Gloria received approximately $39,000 in assets and Gerald was ordered to pay her $3,000 cash in exchange for the assets he received, the net effect being that Gloria received all the marital assets.

On the above facts Gloria presents the following issues for our review:

(1) Is the discounted future income of Gerald a marital asset which can be distributed in the property settlement?
(2) If the future income can be property, did the trial court abuse its discretion in distributing the property?

On the same facts Gerald requests review of the following issue:

(3) Did the trial court abuse its discretion by awarding Gloria the full value of the marital assets?

## I.

Gloria's first allegation of error contends that the trial court erroneously excluded Gerald's future income from the list of marital assets. She asserts that Gerald's salary, prior to retirement, when discounted to present value, is an asset attributable to the marriage and therefore divisible at the time of dissolution. Gloria alleges that Gerald's salary ($20,800 per year), when capitalized, represents property worth $195,501. She also states that Gerald's retirement plan through Purdue University has a value of $30,000 and should be included in the marital assets. (The trial court held that no evidence was presented on the retirement plan and this court could find none; therefore, we will not consider the retirement plan in this opinion). If these two alleged assets are included in the marital property the total assets are in excess of $250,000 and Gloria thus received almost 20% of the assets, and therefore claims the trial court abused its discretion in dividing the property.

The appellant most strongly relies on two cases to support her contention; namely, *Weiss* v. *Weiss* (1974), 159 Ind. App. 231, 306 N.E.2d 120; and *Hibbard* v. *Hibbard* (1974), 161 Ind. App. 422, 315 N.E.2d 731. In both cases the property settlement consisted of a sum larger than the total marital assets and therefore must have included the discounted income as an assets to be divided between the parties. While these cases may lend credence to Gloria's argument, they are not controlling as to the construction of the law as it exists subsequent to Indiana's Dissolution of Marriage Act[1] which became effective prior to the initiation of this action.

We must first note that any award over and above the actual physical assets of the marital relationship must represent

1. IC 1971, 31-1-11.5 (Burns Supp. 1976).

some form of support or maintenance. The confusion which existed in Indiana regarding "alimony, support or maintenance" was elucidated by Judge Sullivan of this court in *Wellington* v. *Wellington* (1973), 158 Ind. App. 649, 304 N.E.2d 347. That case spoke of "alimony" as either a property settlement or an order for maintenance and held that they were not mutually exclusive theories and either could be used to justify the decree of the trial court.

With that status in mind we must interpret the language contained in the Dissolution of Marriage Act. The legislature enacted the following as factors to be considered by the court in dividing the marital assets:

"31-1-11.5-11.  Disposition of property.—In an action pursuant to section 3(a) [subsection (a) of 31-1-11.5-3], the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

In determining what is just and reasonable the court shall consider the following factors:

(a)  the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b)  the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c)  the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d)   the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e)   the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties." IC 1971, 31-1-11.5-11 (Burns Supp. 1976).

When determining what is to be divided there is nothing in the statute which lends itself to the interpretation that future income is "property" and therefore divisible. It appears that a vested present interest must exist for the item to come within the ambit of "marital assets".[2] We cannot say that Gerald has a vested present interest in his future earnings and the legislature cannot be said to have considered it as such.

The legislature was apparently aware of this possible problem and enacted IC 1971, 31-1-11.5-9 (c) (Burns Supp. 1976) which reads in pertinent part:

\* \* \*

"(c)   The court may make no provision for maintenance except that when the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of such incapacitated spouse to support himself or herself is materially affected, the court may make provision for the maintenance of said spouse during any such incapacity, subject to further order of the court."

To allow the discounting of a future stream of income to be called "property" runs contra to the statutory provisions forbidding maintenance without a showing of incapacitation. Regardless of the label attached to an award above the value of the marital assets, its true nature would shine through as maintenance. Therefore, absent a showing of incapacitation by Gloria, she may not receive maintenance, regardless of the label she attempts to attach to the requested award. See *Liszkai* v. *Liszkai* (1976), 168 Ind. App. 532, 343 N.E.2d 799.

---

2.  While not controlling, *Leob* v. *Leob* (1973), 261 Ind. 193, 301 N.E.2d 349 by analogy requires a present interest for an item to be property.

## II.

In light of our disposition of issue I, we deem it unnecessary to discuss issue II.

## III.

As a cross allegation of error, Gerald contends that the trial court abused its discretion by awarding substantially all the marital assets to Gloria.

We must again direct our attention to the factors to be considered in the division of the property. IC 1971, 31-1-11.5-11, *supra.* When those factors are considered, we may only reverse the exercise of the trial court's discretion for an abuse of that discretion. *Liszkai, supra.*

For an abuse of discretion to exist the property distribution must be "clearly against the logic and effect of the facts and circumstances before the court." *Weiss, supra; Liszkai, supra.*

When the appropriate factors are considered, it appears that (1) Gloria contributed to the acquisition of the property (2) she relinquished the pursuit of further education or a career outside the home (3) apparently her economic circumstances were somewhat unsettled, and (4) it appears that Gerald presently enjoys a greater probability of high earnings than Gloria even though she has recently obtained her license as a real estate salesperson.

When all the appropriate factors and evidence are reviewed, we cannot hold that the decree is clearly against the logic and effect of those facts and surrounding circumstances. We therefore can find no abuse of discretion in awarding Gloria substantially all the assets and we therefore affirm the trial court's decision. *Liszkai, supra.*

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 365 N.E.2d 792.