In re MARRIAGE OF Patrick J. McMA-NAMA, Respondent-Appellant,

and

Gertrude Figura McManama, Petitioner-Appellee.

No. 3–1277A332.

Court of Appeals of Indiana, Third District.

March 8, 1979.

Rehearing Denied April 12, 1979.

George P. Roberts, South Bend, for respondent-appellant.

Jeanne J. Swartz, Cekanski & Swartz, South Bend, for petitioner-appellee.

HOFFMAN, Judge.

Respondent-appellant Patrick J. McManama brings this appeal following the granting of petitioner-appellee Gertrude Figura McManama's Petition for Dissolution of Marriage. The sole issue raised on appeal is whether the trial court erred in awarding Gertrude $3,600 in furtherance of the property settlement.

The facts most favorable to the judgment indicate that the parties were married on November 25, 1967. Gertrude worked as a full-time teacher from 1967 through 1972. During that period, Patrick worked part-time while pursuing his bachelor's degree, then full time. In 1972, both Patrick and Gertrude pursued their graduate degrees.

In 1975, the McManamas and their infant son, Steven Patrick, moved to South Bend, Indiana, where Patrick attended Notre Dame Law School as a full-time student while Gertrude worked full time as a school psychologist. When they moved to South Bend, they owned a Fiat automobile, $6,000 cash, and various household furnishings.

They still owed $1,440 on the automobile and had other liabilities totaling $1,206.

The parties separated on August 12, 1976. From the time the McManamas moved to South Bend until their separation, Gertrude earned $14,785. In 1975, she received $1,000 as a Christmas gift from her parents. Patrick devoted full time to the study of law. In the summer of 1976, Patrick earned $1,250 as an assistant in the Public Defender's Office.

At the time of their separation, only $96 remained of the $6,000 the parties brought with them to South Bend. Patrick retained the remaining amount. Tuition and books for law school amounted to $3,200, which was paid for by the parties' savings and earnings. An additional $500 for Patrick's tuition while the two resided in Connecticut was paid for after they came to South Bend.

The property settlement decree provided for the following disposition of property:

"3. The Wife is granted sole ownership, possession, and use of the real estate commonly described as 213 East Altgeld, South Bend, St. Joseph County, Indiana, as well as any equity which may exist in that property, and the Wife is ordered to hold the Husband harmless as to the mortgage obligation presently existing, or which may exist in the future, in regard to said real estate.

"4. As to the personal property, each party is entitled to that personal property in his or her possession upon the date of this decree, and shall be the sole owner of such property, with the exception that the Husband is entitled to the following personal property, which is currently in the possession of the Wife:

a. The Husband's personal and school notes, books and effects;

b. The picture in the form of a print; and

c. The brass decorative plate.

"Each party is ordered to execute whatever documents that may be necessary to place title to the above-mentioned property in the owner.

"5. The following liabilities shall be the sole responsibility of the Husband, and the Husband shall hold the Wife harmless from any claim, demand, or suit based upon the following obligations:

a. The Internal Revenue Service – $360.00
b. Notre Dame Law School – $220.00
c. Doctor bill for Husband's autoplasty – $500.00

"As to outstanding obligations other than those mentioned above, each party shall bear the responsibility for satisfying the obligation incurred by that party after August 1, 1976, and the party incurring the obligation shall hold the other party harmless as to any such obligation.

\* \* \* \* \* \*

"10. In furtherance of this property disposition, and in recognition of the Wife's contribution as a homemaker, as well as her contribution, by way of employment, to the satisfaction of liabilities during the course of the marriage, and contributions toward the legal education of the Husband, the Wife is awarded a judgment against the Husband, in the amount of Three Thousand Six Hundred ($3,600.00) Dollars, to be paid in installments of One Hundred ($100.00) Dollars per month, first payment September 1, 1978, and subsequent payments to be made on the first of each month thereafter until paid in full."

Appellant contends that the trial court erred in awarding Gertrude $3,600 as part of the property settlement. Relying on *Wilcox v. Wilcox* (1977), Ind.App., 365 N.E.2d 792, Patrick contends that any award over the value of the marital assets must represent some form of maintenance, which, absent a showing of physical or mental incapacitation pursuant to IC 1971, 31–1–11.5–9(c) (1977 Burns Supp.), is beyond the power of the court to make.

However, the case at bar is distinguishable from *Wilcox.* In *Wilcox,* the wife worked so that the husband could continue his education. The wife argued that the

husband's future income as a tenured professor at Purdue University, when discounted to present value, was an asset attributable to the marital relationship and therefore divisible at the time of dissolution. This court stated that there must be a vested present interest for an item to come within the ambit of "marital assets," and that there was no such vested interest in the husband's future earnings.

In the case at bar, there is nothing in the award to indicate that the $3,600 represents a share of Patrick's discounted future earnings, nor did Gertrude's evidence during the hearing seek to establish Patrick's future earnings as a marital asset.

IC 1971, 31–1–11.5–11 (1977 Burns Supp.), governing the disposition of marital assets, provides as follows:

"Disposition of property.—In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

"In determining what is just and reasonable the court shall consider the following factors:

(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d) *the conduct of the parties during the marriage as related to the disposition or dissipation of their property*;

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties." (Emphasis supplied.)

In formulating a property settlement pursuant to this statute, the trial court could properly consider property once held by the parties but dissipated by the date of dissolution of the marriage. After the parties moved to South Bend, Indiana, they spent $3,200 on Patrick's law school education and paid $500 which was still owing on Patrick's previous educational pursuits. Although Patrick's educational achievement may potentially assist in the future acquisition of property, it has none of the attributes of property that can be valued upon dissolution of marriage. *See: Wilcox v. Wilcox, supra.* An education is personal to the holder. Only Patrick will derive the benefits from his education. Consequently, the dissipation of marital property for Patrick's sole benefit constituted a proper basis for the trial court to include $3,600 cash previously spent in the parties' net worth. The trial court did not abuse its discretion. Accordingly, its judgment must be affirmed.

Affirmed.

CHIPMAN, P. J., participating by designation, concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The majority opinion has not only misinterpreted the plain and unmistakable language of the statute, but it has ignored the plain and unmistakable language in *Wilcox v. Wilcox* (1977), Ind.App., 365 N.E.2d 792.

Judge Lybrook underscored in *Wilcox* that "[T]here is nothing in the statute which lends itself to the interpretation that future income is 'property' and therefore divisible. . . ." Yet, this is exactly what the majority opinion has attempted to accomplish with such specious reasoning as: "In formulating a property settlement pursuant to this statute, the trial court could properly consider property once held by *(sic)* parties but dissipated by the date of dissolution of the marriage. . . . Although Patrick's educational achievement may potentially assist in the future acquisition of property, it has none of the attributes of property that can be valued upon dissolution of marriage . . . An education is personal to the holder. Only Patrick will derive the benefits from his education. Consequently, the dissipation of marital property for Patrick's sole benefit constituted a proper basis for the trial court to include $3,600 cash previously spent in the parties' net worth. . . ."

The majority opinion misinterprets subsection (d) of IC 1971, 31-1-11.5-11 (Burns Code Ed., Supp.1977), which refers to the conduct guideline for the final disposition of marital assets. The conduct guideline can only affect the marital assets in which the husband and wife have a vested interest at the time of the dissolution. *Wilcox v. Wilcox, supra.* The statute excludes any consideration by the trial court of future income as property as noted by Judge Lybrook in *Wilcox.*

The $3,600 award of the husband's future income to the wife is above the total value of the marital assets and must constitute an award of either support or maintenance. However, it is clear from the trial court's judgment that the $3,600 award was intended as neither support nor maintenance. There is no evidence that the wife was physically or mentally incapacitated to the extent that she lacked the ability to support herself.

If the majority's rationale is extended to future cases, it would effectively repeal the intent of the Legislature as set forth in the statute. The intent being that only present, vested interests be divided by the trial court upon a final dissolution of the marriage. Furthermore, the rationale used by the majority would cause endless confusion regarding the rights of the husband and wife to marital assets, since the only limitation would be the trial judge's imagination. Therefore, the trial court's judgment awarding $3,600 from the husband's future income to the wife is reversible error, and its judgment should be reversed.