Raymond Paul ARMSTRONG, Appellant,

v.

Catherine H. ARMSTRONG, Appellee.

No. 2–477A116.

Court of Appeals of Indiana, Second District.

July 16, 1979.

Roger J. Aull, Jr., Craven & Milan, Indianapolis, for appellant.

David W. Foley, Mullin, Foley & Gilroy, Indianapolis, for appellee.

SULLIVAN, Judge.

This is an appeal from a Decree of Dissolution of the marriage of Raymond Paul Armstrong and Catherine H. Armstrong. Upon appeal husband contends:

(1) that the order requiring Husband to maintain health insurance on Wife constitutes an award of "maintenance" which cannot stand in the absence of a finding of incapacity; and

(2) that the money judgment of $8,000 awarded Wife exceeds the value of the marital assets and therefore is an abuse of discretion.

The evidence of record is somewhat ambiguous, but it appears that the parties were married in the early 1930's and separated in 1972. Husband was self-employed, operating a painting business with assistance of Wife.

About 1966, Husband suffered a massive heart attack and was incapacitated for almost a year. Soon after his heart attack, the Federal government placed a lien on the parties' property for failure to pay the federal withholding taxes of Husband's employees. Their home was sold to satisfy this lien, leaving the parties about $1,500 over and above the lien and the outstanding mortgage. This money was used as a down-payment on another home.

Sometime in 1971 or 1972 Husband began passing several thousand dollars in worthless checks, apparently on the couple's joint checking account. The parties separated in late 1972 for the reason that Husband was trying to avoid apprehension and therefore stayed away from his only known residence.

During the period when Husband was "on the run," he charged several thousand dollars worth of merchandise on two of the couple's joint charge accounts. The merchandise was resold for cash, a portion of which was used to make the house payments, with the remainder apparently being used to support Husband's attempts to evade law enforcement officials.

Husband was apprehended sometime in 1973 and served 15 months on the bad check charges. While Husband was incarcerated, creditors demanded payment from Wife on the charge accounts, finally threatening garnishment if payments were not made. Wife testified that her employer threatened to fire her if he received a garnishment notice. For that reason, and upon the advice of an attorney, Wife declared bankruptcy.

The parties' home was sold and almost $8,000 was realized. Wife testified that she used $2,000 of the proceeds as a down payment on a car for herself and the remainder was used to retire a portion of the worthless checks Husband had written.

Presently, Wife is employed as a maid, earning $100 per week. Husband is employed as an "estimator" for a painting contractor, earning a net amount of $215 per week. Husband is living with Ms. Vera McCoy in her $60,000 home, purportedly paying regular rent, though the couple plans to marry. Husband owns an undivided one-half interest in both an Arabian horse and a 1977 Pontiac jointly with Ms. McCoy. Additionally, Husband is the owner of a $10,000 whole life insurance policy on himself with Wife as beneficiary, though Husband testified that "no doubt [he] will change that."

## I.

■ Husband contends that the order requiring him to maintain health insurance on Wife constitutes an award of "maintenance." Because the trial court made no finding of incapacity, it is asserted that the award cannot stand.

However, this issue was not presented in Husband's Motion to Correct Errors. Rather, it appears for the first time in Husband's appellate brief. We hold that this issue has been waived by failing to include it in the Motion to Correct Errors. Ind. Rules of Procedure, Trial Rule 59(G); *Cope-*

land v. Copeland (1969) 145 Ind.App. 73, 248 N.E.2d 571.[1]

## II.

■ Husband asserts that the money judgment awarded Wife is an abuse of the trial court's discretion for the reason that the $8,000 award greatly exceeded the value of the marital estate.

It has been held that the only property subject to division in a dissolution action is that in which the parties have a "vested present interest." Wilcox v. Wilcox (1st Dist. 1977) Ind.App., 365 N.E.2d 792, 795. Thus, absent fraud, "any award over and above the actual physical assets of the marital relationship must represent some form of support or maintenance." Savage v. Savage (1st Dist. 1978) Ind.App., 374 N.E.2d 536, 540; In Re Marriage of Lewis (3d Dist. 1977) Ind.App., 360 N.E.2d 855, 857. Because the money judgment awarded herein was substantially in excess of the marital assets, we hold that the trial court abused its discretion.

Appellee seeks to justify the award as compensation for the fraud committed on the marriage by Husband's failing to pay federal withholding taxes, charging items on the parties' joint charge accounts and commission of criminal offenses by writing worthless checks.

Cases under prior law recognized that a conveyance of property by one spouse in order to defeat the other spouse's claim to what was formerly known as "alimony" i. e., a continuing entitlement to support, could be set aside as fraudulent, see, e. g., McDaniel v. McDaniel (1964) 245 Ind. 551, 201 N.E.2d 215, and thus included in the computation of the marital estate.

■ In the case before us, there is no evidence that Husband transferred marital assets for the purpose of defeating Wife's claim to any of the marital property. The evidence shows merely that Husband's conduct resulted in a disposal of a substantial portion of the marital estate. While evidence of dissipation of the marital assets is a factor in dividing the marital property. I.C. 31–1–11.5–11(d) (Burns Code Ed. Supp. 1978), it does not, standing alone, allow the trial court to enlarge the marital estate beyond that property in which the parties maintain a present vested interest. Wilcox v. Wilcox, supra.

We cannot dispute the apparent equities of the decision of the court In Re The Marriage of McManama (3d Dist. 1979) Ind. App., 386 N.E.2d 953, adopting just such a rationale for enlarging the marital estate, but we decline to follow that case. We believe that Judge Staton's dissent in that case is the correct statement of the law.[2] The intent of the Legislature as set forth in the statute is clear. While the law may result in inequities in some cases, any change must come from the legislature.

Insofar as the judgment requires Husband to maintain health insurance on Wife, it is affirmed. However, the money judgment of $8,000 awarded Wife must be reversed.

The judgment is affirmed in part and reversed in part and the cause remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, C. J., concurs with separate opinion.

SHIELDS, J., concurs in result.

BUCHANAN, Chief Judge, concurring.

Although I concur with the result reached by the majority, I wish to emphasize that I do so recognizing that affirmance of the judgment as to the award of

---

1. In any event, this Court has held that a specific "finding" of incapacity is not necessary so long as the award is clearly designated as maintenance. Farthing v. Farthing (2d Dist. 1978) Ind.App., 382 N.E.2d 941.

2. In addition, we note that the majority in McManama placed considerable emphasis on the fact that the dissipation of marital assets there benefitted only one of the marital partners. Here, however, Husband's activities ultimately resulting in dissipation of the marital assets were at least in part designed to meet the house payments and did not result in a purely unilateral benefit.

continuing health insurance benefits is wholly due to the failure of the Husband to present any error as to this issue on appeal.