**In re the Marriage of Leigh Anne ROBERTS, Appellant– Respondent,**

v.

**Matthew Francis ROBERTS, Appellee– Cross–Appellant.**

**No. 71A03–9601–CV–22.**

Court of Appeals of Indiana.

Aug. 28, 1996.

Thomas C. Sopko, Richard A. Rice, Brent E. Inabnit, Sopko & Firth, South Bend, for Appellant–Respondent.

George P. Roberts, South Bend, for Appellee–Cross–Appellant.

## OPINION

GARRARD, Judge.

Leigh Anne Roberts appeals the judgment entered in this divorce action, alleging that the trial court erred in its property distribution, in particular with regard to the court's failure to include Matthew Francis Roberts' law degree as marital property.

## FACTS

The parties were married on June 24, 1989. In the fall of 1990, Matthew began attending the Valparaiso University Law School as a full-time student. Before law school, Matthew had been employed at Society Bank in South Bend, Indiana and had been earning a salary of $30,000.00 per year at the time he left employment. Matthew and Leigh Anne agreed that Matthew should quit working and attend school full-time while Leigh Anne continued to work to support them. Leigh Anne also assumed primary responsibility for running the household so that Matthew could devote all of his time to his studies.

Two months before Matthew's graduation Leigh Anne learned that she was pregnant, and thereafter the couple separated. Matthew finished third in his graduating class and also served as editor-in-chief of the Valparaiso Law Review. After graduation, he took an associate position with a large law firm in Chicago, Illinois. He filed his petition for dissolution of marriage on August 4, 1993.

The major asset of the parties was the marital home, valued at $70,000.00 with a mortgage of $63,245.00. The parties also owned certain personal property and each had 401(k) accounts and IRA accounts. The court determined that Matthew's law degree could not be considered a marital asset subject to distribution. However, the court did include Matthew's student loans, totaling $22,500.00, in valuing the marital estate, and the court found repayment to be the sole responsibility of Matthew. The court determined that, based upon the student loans, the disproportionate earnings history and the earning potential of the parties, the presumption of equal distribution had been rebutted. The court made the following distribution of assets:

### HUSBAND

ASSETS:

| | |
|---|---|
| 1985 Honda Prelude Auto | 4,500.00 |
| Husband's 401(k) with Society Bank | 10,904.96 |
| Husband's IRA # 2200090026 with 20th Century | 5,142.00 |
| Computer & software | 1,000.00 |
| Husband's jewelry | Unknown |
| Security deposit on Chicago apartment | 975.00 |
| (less amount returned) | (437.00) |
| Washer and dryer | Unknown |
| Household furniture and personal property | Unknown |
| TOTAL ASSETS: | $22,084.96 |

### WIFE

ASSETS:

| | |
|---|---|
| 528 Calhoun | 70,000.00 |
| 1988 Toyota Celica auto | 4,000.00 |
| Wife's 401(k) with Price Waterhouse | 7,327.00 |
| Wife's IRA # 220008171 with 20th Century | 4,760.98 |
| Savings Bonds (2) | 300.00 |
| Wife's jewelry | Unknown |
| Wife's Prudential Life Insurance Policy | 1,292.00 |
| Dishwasher, refrigerator & air conditioner | Unknown |
| 104 shares of Society Bank Common Stock | 3,100.00 |
| Household furniture and personal property | Unknown |
| TOTAL ASSETS: | $90,779.98 |

| | HUSBAND | | | WIFE | |
|---|---|---|---|---|---|
| **DEBTS:** | | | **DEBTS:** | | |
| Loan from Victor Grabovez [Leigh Anne's father] | $ 2,000.00 | | Loan from Victor Grabovez | $ 2,000.00 | |
| Student loans | $22,500.00 | | Mortgage with Victor Grabovez | $63,245.00 | |
| **TOTAL DEBTS:** | ($24,500.00) | | **TOTAL DEBTS:** | ($65,245.00) | |
| **NET ASSETS:** | ($ 2,415.04) | | **NET ASSETS:** | $25,534.98 | |

(R. 46–47).

## DISCUSSION

Leigh Anne raises the following issues for our review:

I. Whether the trial court erred in finding that Matthew's law degree and license to practice law were not marital property.

II. Whether the trial court abused its discretion in not making an award to Leigh Anne to compensate for the dissipation of the marital estate by Matthew.

III. Whether the trial court abused its discretion in finding that Matthew's student loans were marital liabilities.

In his cross-appeal, Matthew argues the following issues:

IV. Whether the trial court abused its discretion in failing to grant Matthew's request to abate the spousal support order on May 1, 1995.

V. Whether the trial court abused its discretion in awarding attorney fees to Leigh Anne.

VI. Whether Matthew is entitled to attorney fees to defend Leigh Anne's allegedly frivolous appeal.

## ISSUE I

Leigh Anne first argues that the trial court should have included Matthew's law degree as a marital asset subject to distribution.

■ The party challenging the trial court's property division must overcome a strong presumption that the court considered and complied with the applicable statute. *Hodowal v. Hodowal*, 627 N.E.2d 869, 871 (Ind.Ct.App.1994), *trans. denied*. We will not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the trial court's disposition. *Castaneda v. Castaneda*, 615 N.E.2d 467, 470 (Ind.Ct.App.1993). Reversal is warranted only where the trial court's decision is clearly against the logic and effect of the facts and reasonable inferences to be drawn therefrom. *Fields v. Fields*, 625 N.E.2d 1266, 1267 (Ind.Ct.App.1993), *trans. denied*.

■ The specific issue of whether a degree obtained during a marriage by one party may be considered marital property upon divorce was addressed in *Prenatt v. Stevens*, 598 N.E.2d 616 (Ind.Ct.App.1992), *trans. denied*. In *Prenatt*, the trial court found that the wife's doctoral degree in English, which was obtained during the marriage, was a marital asset. This determination was reversed on appeal, with the court relying upon *Wilcox v. Wilcox*, 173 Ind.App. 661, 365 N.E.2d 792 (1977) and *In re Marriage of McManama*, 272 Ind. 483, 399 N.E.2d 371 (1980). In *Wilcox*, the court first noted that any award over and above the assets of the marriage must represent some form of support or maintenance. The court then held that the husband's future earnings could not be considered a marital asset as there was no vested present interest in such income. In *McManama*, the trial court had awarded the wife a lump sum in the amount she had contributed to help her husband obtain his advanced degree on the theory that there had been a dissipation of marital property. Our supreme court reversed, finding that the award was in actuality an award to be paid from the husband's future income. Such an award of future income could only be proper as either support or maintenance, and there was no evidence of any incapacity to support such an award.

Based upon this precedent, *Prenatt* concluded that, despite the legislature's intent for "property" to be interpreted as broadly inclusive, a degree simply does not possess the common characteristics of property:

A degree is an intangible which is personal to the holder. It is a piece of paper and has no real value except for what the holder chooses to pursue with it. Potential

worth is dependent upon choice and availability of work, whether the holder is good at what she does, or a myriad of other potentialities.

Valuation of a degree is fraught with uncertainty because of the personal factors described above. Even if valuation could be made certain, such valuation, whether based on future earning capacity or upon cost of acquisition, would ultimately result in an award beyond the actual physical assets of the marriage. As noted in *Wilcox* and *McManama*, such award is improper.

*Prenatt*, 598 N.E.2d at 620.

The only statutory exception is I.C. § 31–1–11.5–11(d), which states:

When the court finds there is little or no marital property, it may award either spouse a money judgment not limited to the property existing at the time of final separation. However, this award may be made only for the financial contribution of one (1) spouse toward tuition, books, and laboratory fees for the higher education of the other spouse.

Thus, a spouse may be reimbursed, even above the assets of the marital estate, but reimbursement is strictly limited.

We agree with the finding in *Prenatt* that a degree does not constitute marital property. While the maintenance statute does not permit any type of "reimbursement maintenance," the enhanced earning ability of a degree-earning spouse may certainly be considered in making a division of the marital assets. *See* I.C. § 31–1–11.5–11(c)(3),(5) (factors which court may consider in rebutting presumption of an equal division of property include the economic circumstances of each spouse and the earnings or earning ability of the parties); *see also Prenatt*, 598 N.E.2d at 622 (Garrard, J., concurring) ("[I]t should be pointed out that the educational achievements and potential earning life referred to by the court in its findings *do* constitute a valid consideration and basis for determining the appropriate disposition of the marital assets . . . .") (emphasis in original).

■ Therefore, while Indiana does not permit a degree to be included as marital property, and further will not allow an award of future earnings unless the spouse qualifies for maintenance, nevertheless the earning ability of the degree-earning spouse may be considered in determining the distribution of the marital estate.

### ISSUE II

■ Leigh Anne also argues that the trial court should have made an award to compensate her for the dissipation of the marital estate by Matthew as a result of the income which the family was deprived of while Matthew attended law school and the contributions Leigh Anne made toward Matthew's education and the household living expenses.

Leigh Anne contends that the trial court should have increased the value of the marital estate to the extent of this dissipation. In her estimate, the family was deprived of $90,000.00 to $100,000.00 of income from Matthew and she contributed approximately $51,000.00 to Matthew's education and living expenses.

Initially, we must respond that in employing the term "dissipation," our legislature intended that it carry its common meaning denoting "foolishly" or aimlessly." Thus, under the circumstances of this case it cannot be said that the money expended in order to secure Matthew's law degree was dissipated, even though Leigh Anne did not receive the benefits she expected therefrom.

■ Furthermore, as previously pointed out, any award which is greater that the marital assets constitutes maintenance and must therefore be authorized by the statute. *Wilcox*, 365 N.E.2d at 794. The court did not err in failing to make a separate award based upon Matthew's dissipation of marital assets.

### ISSUE III

■ Finally, Leigh Anne argues that, if Matthew's law degree is not to be considered a marital asset then, correspondingly, Matthew's student loans should not be consid-

ered marital liabilities. We disagree. The student loans were contracted during the marriage and were properly considered as part of the marital estate. Moreover, the court quite properly determined that Matthew should be solely responsible for their repayment. Leigh Anne suffered no harm whatever from their inclusion in the marital pot and the order that Matthew be solely responsible for their repayment.

## ISSUE IV

Matthew first argues that the trial court abused its discretion in failing to grant his request to abate the spousal support order on May 1, 1995.

The parties reached an agreement for spousal support on February 14, 1994, under which Matthew was to pay $72.00 a week to Leigh Anne. On May 1, 1995, the second day of the trial, Matthew requested that the support order be terminated. Matthew maintains that the court denied his request on the grounds that the proceedings would be concluded within thirty days. The final judgment was entered on September 20, 1995, at which time the spousal support ceased.

 A trial court is vested with broad discretion in determining whether an award of spousal maintenance should be made, and we will reverse only if its decision is clearly against the logic and effect of the facts and circumstances before the court. *Showalter v. Brubaker*, 650 N.E.2d 693, 700 (Ind.Ct.App. 1995). Matthew claims he was entitled to the elimination of spousal maintenance as a matter of law on May 1, 1995. He cites no authority for this proposition, and we cannot discern any rationale to support it. The trial court, in its discretion, denied the request for termination of the support order and merely further noted that it hoped to have the proceedings concluded within thirty days. The court, in its discretion, could have ordered the support to end at any time, and we note that Matthew apparently did not pursue the matter any further after the initial denial. Additionally, Matthew does not explain why circumstances had changed entitling him to termination of the support order to which he

had agreed. Matthew has failed to demonstrate that the trial court abused its discretion.

## ISSUE V

Matthew also argued that the trial court abused its discretion in awarding attorney fees incurred by Leigh Anne in the amount of $10,000.00.

 The decision to award attorney fees in a dissolution action rests within the sound discretion of the trial judge. *Skinner v. Skinner*, 644 N.E.2d 141, 150 (Ind.Ct.App. 1994). Reversal is appropriate only where the trial court's award is clearly against the logic and effect of the facts and circumstances before the court. In its determination, the court may consider such factors as the amount of assets awarded to the parties, the relative earning ability of the parties, and which party initiated the action. *Id.*, citing *Selke v. Selke*, 600 N.E.2d 100, 102 (Ind. 1992). The evidence at trial demonstrated that Matthew earned approximately $70,-000.00 a year and that Leigh Anne earned approximately $45,000.00. We also disagree with Matthew's characterization of the proceedings being drawn out for the sole reason of changing settled Indiana law. The court was within its discretion in awarding attorney fees.

## ISSUE VI

Matthew's argument with regard to his claim for appellate attorney fees consists of the following: "Wife's Appeal is frivolous but nevertheless needs defending. Matt should be awarded his attorney's fees in defending Wife's frivolous Appeal (Appellate Rule 15(G))." (Brief of Appellee at 18). We find the appeal was not frivolous and deny the request. *See Orr v. Turco Mfg. Co.*, 512 N.E.2d 151 (Ind.1987).

In summary, the dissolution statute does permit the increased earning capacity of a spouse who has earned a degree during a marriage to be considered in regard to the division of marital property. However, a court may not order an award of maintenance to compensate a spouse for contribu-

tions made to the attainment of a degree for the other spouse. While we acknowledge that inequities may result where a marriage ends before the degree-earning spouse has had the opportunity to establish his or her career, thereby depriving the supporting spouse of any benefit to be derived from his or her contributions, any change in the statute must obviously come from the legislature.

We affirm the judgment in its entirety.

BAKER and DARDEN, JJ. concur.