THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRENDAN SHANAHAN, Defendant-Appellant.

First District (1st Division)   No. 1—99—0073

Opinion filed June 29, 2001.—Rehearing denied September 4, 2001.

Richard S. Kling, of Law Offices of Chicago-Kent College of Law, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William Carroll, and Carol L. Gaines, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Defendant was charged in the circuit court of Cook County with first degree murder in the death of his father. In a bench trial, the defendant was found guilty as charged and was sentenced to 28 years in the state penitentiary. The defendant appeals, arguing that the trial court erred in excluding expert testimony and thereby denying the defendant his right to present a defense. The principal controversy on appeal concerns whether expert testimony about what has been called

in the record the "battered child syndrome"[1] is admissible to help establish an affirmative defense of self-defense in a homicide case.

On March 29, 1996, defendant, Brendan Shanahan, killed his father, Anthony Shanahan, by beating him with a pipe. The defendant did not deny killing his father but asserted that it was in self-defense. In order to establish the requisite state of mind for a self-defense claim, the defendant sought to call Dr. Larry Heinrich as an expert witness to testify about battered child syndrome. At a pretrial hearing, the trial judge granted the State's motion to preclude evidence on battered child syndrome stating, "there is no acceptable scientific method yet applicable to the syndrome concerning children and therefore it has not the validity that the battered woman syndrome has received throughout many of the states in the United States." The trial judge further declined to hold any hearing concerning the scientific validity of battered child syndrome. During a bench trial, the defense presented testimony about past abuse inflicted upon the defendant and requested a continuance so that Dr. Heinrich could testify about the effects of this abuse. The judge denied the request for a continuance but allowed the written report of Dr. Heinrich to be submitted as an offer of proof.

On appeal the defendant contends that (1) he was denied the right to put on a defense when the trial court denied his request to present expert testimony on battered child syndrome; (2) the trial court abused its discretion by denying him the right to make an offer of proof regarding expert testimony on battered child syndrome; (3) the trial court erred in holding that evidence of posttraumatic stress disorder is not admissible; and (4) the trial court erred in refusing to allow the expert testimony. Based upon the record before us, we reverse the judgment of conviction and remand with instructions.

As we stated above, the principal issue on appeal is the admission of evidence on battered child syndrome. The defendant argues in his brief that the trial court abused its discretion by denying his request to present expert testimony on battered child syndrome and that the trial court erred in holding that evidence of battered child syndrome is not admissible under *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). The defendant asserts that battered child syndrome is analogous to battered woman syndrome and is not a new scientific theory so that this is not a *Frye* case.

---

[1]The record refers to "battered child syndrome," "battered victim syndrome" and "post-traumatic stress syndrome." It is unclear from the record whether the expert testimony would have concerned all three syndromes. Further, it is unclear from the record whether or not these syndromes are distinct.

The difficulty with determining whether or not expert testimony should have been allowed in this case is that it is not clear from the record about what the expert was to testify. The defendant asserts that Dr. Heinrich's testimony would not present a new scientific theory, while the State contends that it would. The defendant contends that battered child syndrome is analogous to battered woman syndrome, merely dealing with a different victim of abuse. Moreover, in the defendant's appellate briefs he refers to posttraumatic stress syndrome. The State maintains that important distinctions exist between the battered child and battered woman syndromes.

This court cannot determine from this record whether Dr. Heinrich would testify about battered child syndrome, battered victim syndrome or posttraumatic stress syndrome because the trial court did not allow a continuance in order to conduct *voir dire* of the expert. Thus, we cannot determine whether these are all related syndromes or whether important distinctions exist. Moreover, we cannot determine whether the expert testimony was admissible.

•1 After a trial has begun, a reasonably brief continuance may be granted to either side in the interest of justice. Ill. Rev. Stat. 1983, ch. 38, par. 114—4(f). However, the granting of a continuance is within the sound discretion of the trial court, and the refusal to grant one will be reversed on appeal only if it is shown that the trial court abused its discretion and the refusal somehow prejudiced the defendant. *People v. Ward*, 154 Ill. 2d 272, 304, 609 N.E.2d 252, 265 (1992).

•2 Here, the trial court abused its discretion in denying defendant's request for a continuance to bring Dr. Heinrich into court the next day. At the time the continuance was requested, the defendant was ready to call Dr. Heinrich to testify the next day. The defendant made every attempt to show that Dr. Heinrich's testimony was material to the defense and might affect the verdict. Defense counsel also requested that he be allowed to make an oral offer of proof but the trial judge only allowed the written report of Dr. Heinrich. More importantly, the defendant was prejudiced by the denial of the motion for continuance because it prevented the *voir dire* of Dr. Heinrich. As a result, the record does not contain any testimony from Dr. Heinrich, and the offer of proof merely consists of a written report. While this report makes reference to battered victim syndrome and posttraumatic stress disorder, it is not sufficient for this court to determine whether or not the expert testimony would consist of novel scientific evidence. Therefore, we find the trial court's denial of defendant's motion for a continuance to be reversible error.

Furthermore, even if we could determine from the record that Dr. Heinrich would have testified that the defendant suffered from bat-

tered child syndrome, we would decline from ruling on the admissibility of such testimony at this time. The term "battered child syndrome" was first used to describe the clinical presentation of young children who had received serious physical abuse at the hands of their parents and has come to describe both the physiological and psychological effects of a prolonged pattern of physical, emotional and sexual abuse. See generally S. Hicks, *Admissibility of Expert Testimony on the Psychology of the Battered Child*, 11 L. & Psychol. Rev. 103, 108-11 (1987). While battered child syndrome has long been used to prosecute child abusers, its acceptance as evidence of self-defense is limited.[2] No other Illinois case has addressed the question of admissibility of battered child syndrome and this record does not contain any testimony concerning the validity of such a syndrome.

Illinois follows the *Frye* standard for the admission of novel scientific evidence. *People v. Miller*, 173 Ill. 2d 167, 187, 670 N.E.2d 721, 731 (1996). The *Frye* court explained the standard as follows:

> "Just when a scientific principle or discovery crosses the line between the experimental and demonstrable stages is difficult to define. Somewhere in this twilight zone the evidential force of the principle must be recognized, and while courts will go a long way in admitting expert testimony deduced from a well-recognized scientific principle or discovery, the thing from which the deduction is made must be sufficiently established to have gained general acceptance in the particular field in which it belongs." *Frye*, 293 F. at 1014.

Thus, if Dr. Heinrich's testimony concerns battered child syndrome, which has yet to be accepted in a court proceeding in Illinois, the trial court must conduct a *Frye* hearing. A *Frye* hearing determines the admissibility of novel scientific evidence based on whether the scientific principle on which it rests has gained general acceptance in the relevant scientific community. *People v. Miller*, 173 Ill. 2d 167, 187-88, 670 N.E.2d 72 (1996). A *Frye* hearing would determine whether the scientific principle on which battered child syndrome rests has gained general acceptance in the psychology community.

In conclusion, the trial court committed reversible error by deny-

---

[2]Only Arizona and Washington have appellate or state supreme court opinions that explicitly state that battering syndrome self-defenses apply to battered children (see Appeal in Maricopa County, Juvenile Action No. JV-5066561, 182 Ariz. 60, 893 P.2d 60 (App. 1994); *State v. Janes*, 121 Wash. 2d 220, 850 P.2d 495 (1993)), while the Supreme Courts of Wyoming and Kansas have upheld the decision of lower courts to exclude expert testimony (see *Jahnke v. State*, 682 P.2d 991 (Wyo. 1984); *State v. Crabtree*, 248 Kan. 33, 805 P.2d 1 (1991)).

ing defense counsel's request for a continuance. Further, based upon the record before us, we decline at this time to determine the validity of the expert testimony. We reverse and remand the case to the trial court with the following instructions: (1) allow live testimony, *voir dire* of the expert, Dr. Heinrich; (2) determine the precise syndrome the defendant suffers from based on a reasonable degree of medical certainty in the opinion of Dr. Heinrich; (3) if Dr. Heinrich's testimony concerns a syndrome that has been admitted into evidence in other cases in Illinois, then the testimony should be admitted; (4) if the testimony concerns a syndrome that has not been admitted in Illinois, then the trial court should conduct a *Frye* hearing to determine the scientific validity (or invalidity) of the syndrome.

Reversed and remanded.

McNULTY, P.J., and O'MARA FROSSARD, J., concur.