## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2018, 7:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dylan A. Vigh
Law Offices of Dylan A. Vigh, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Alexandra M. Curlin
Curlin & Clay Law Association of Attorneys
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Allen Turner, | November 29, 2018 |
| *Appellant-Respondent,* | Court of Appeals Case No. 18A-DR-796 |
| v. | Appeal from the Marion Superior Court |
| Darla Jo Turner, | The Honorable Kimberly D. Mattingly, Judge Pro Tempore |
| *Appellee-Petitioner.* | Trial Court Cause No. 49D07-1605-DR-15637 |

**Bailey, Judge.**

# Case Summary

After dissolving the marriage between David Allen Turner ("Husband") and Darla Jo Turner ("Wife"), the trial court entered a decree in which it purported to equally divide the marital estate. Husband now appeals, arguing that the court abused its discretion by ordering an equal division of the marital estate.

We affirm.

# Facts and Procedural History

Husband and Wife began cohabitating in 2004 and married seven years later in July 2011. They lived in a home Husband purchased in 1999. During the relationship, both Husband and Wife worked. Although Husband initially earned more, their earnings were comparable after Wife incurred student loans, furthered her education, and obtained a higher-paying job in 2009. Husband and Wife maintained separate bank accounts and credit cards. They each took on different expenses, with Husband paying for the mortgage and Wife paying for utilities and groceries. Husband and Wife never had children together.

In late April 2016—unbeknownst to Husband—Wife traded in a vehicle and obtained a loan for a new vehicle. Approximately one week later, Wife petitioned to dissolve the marriage. The trial court held a hearing on November 30, 2017, after which it entered a dissolution decree, ordering that "[t]he assets and debts of this marriage shall be divided 50/50 and in accordance" with a list the court had prepared. App. Vol. 2 at 14. Among the listed assets were

retirement accounts, including an account Husband acquired through a former employer that Husband had worked for during part of the marriage. Although the trial court stated that it was equally dividing the marital estate, the court ordered that Wife was "solely responsible for the entirety of her student loans/debt," *id.* at 14, amounting to approximately $51,042. Not taking those loans into account, the trial court determined that the marital estate was valued at $108,746, and then awarded 50% of that value to Husband and 50% to Wife.

[5] Husband now appeals.

# Discussion and Decision

[6] We will not disturb a decision dividing marital property unless the trial court has abused its discretion. *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002). The trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it, including the reasonable inferences to be drawn therefrom. *Taylor v. Taylor*, 436 N.E.2d 56, 58 (Ind. 1982). Moreover, where—as here—a party has made a timely written request for special findings, the court "shall find the facts specially and state its conclusions thereon." Ind. Trial Rule 52(A). We conduct a two-tiered review of those findings, first determining "whether the evidence supports the findings and then whether [the] findings support the judgment." *K.I. ex rel. J.I. v. J.H.*, 903 N.E.2d 453, 457 (Ind. 2009). In conducting our review, we do not reweigh the evidence, *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002), and must give "due regard . . . to the opportunity of the trial court to judge the credibility of

the witnesses," T.R. 52(A). We "shall not set aside the findings or judgment unless clearly erroneous." *Id.* Findings are clearly erroneous when the record contains no facts to support them, either directly or by inference. *Fischer v. Heymann*, 12 N.E.3d 867, 870 (Ind. 2014). "A judgment is clearly erroneous when there is no evidence supporting the findings or the findings fail to support the judgment." *J.H.*, 903 N.E.2d at 457. A judgment is also clearly erroneous when the court "applies the wrong legal standard to properly found facts." *Id.*

[7] In entering a dissolution decree, the trial court "shall divide the property of the parties . . . in a just and reasonable manner." Ind. Code § 31-15-7-4. Under Indiana's "one pot" approach to the division of marital property, all property owned by the spouses is put into the "marital pot," where the property is subject to division. *See* I.C. § 31-9-2-98(b) (defining property as "all the assets of either party or both parties"); *see also Barton v. Barton*, 47 N.E.3d 368, 378-79 (Ind. Ct. App. 2015), *trans. denied*. Thus, whether the property was "owned by either spouse before the marriage," individually "acquired by either spouse" before the parties finally separated, or acquired through the spouses' "joint efforts," I.C. § 31-15-7-4, in a dissolution action, there is a single "marital pot" and everything the spouses own is potentially divisible, *see id.*; I.C. § 31-9-2-98(b); *see also Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014).

[8] Once the trial court has identified property to be included in the "marital pot," the trial court must evaluate how to "divide the property in a just and reasonable manner." I.C. § 31-15-7-4(b). The trial court begins with the "presum[ption] that an equal division of the marital property . . . is just and

reasonable." I.C. § 31-15-7-5. Nevertheless, the court is not obligated to equally divide the marital property. *See id.* Rather, a party may rebut the presumption by "present[ing] relevant evidence . . . that an equal division would not be just and reasonable." *Id.* Our legislature has articulated a non-exhaustive list of factors that bear on the reasonableness of an equal division:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
>> (A) before the marriage; or
>>
>> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective . . . .
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
>> (A) a final division of property; and
>>
>> (B) a final determination of the property rights of the parties.

*Id.*

[9] Husband contends that he rebutted the statutory presumption, and that the trial court abused its discretion by equally dividing the marital property. He argues that the court "ignor[ed] evidence" that Husband "had acquired the marital residence, certain vehicles, and the majority of his Union 401(k) prior to the marriage," and that he "was the primary contributor to the acquisition of this property." Appellant's Br. at 8. Husband also asserts that "he and Wife shared similar economic circumstances at the time of the disposition; Wife dissipated certain marital assets immediately before filing for dissolution; and, he and Wife had nearly identical earning capacities at the time of dissolution." *Id.*

[10] Yet, the trial court valued the marital estate at $108,746—and that calculation did not account for $51,042 in student loans that the court wholly allocated to Wife. The trial court stated that it was allocating this debt to Wife "[i]n accordance with case law on the subject" of student loans. App. Vol. 2 at 14. However, under the statutory framework, all marital property is subject to division, *see* I.C. 31-15-7-4, and "[m]arital property includes both assets and liabilities." *Birkhimer v. Birkhimer*, 981 N.E.2d 111, 120 (Ind. Ct. App. 2012). Thus, student loans—just like other debts incurred before the marital pot closes—are marital property subject to division. *See* I.C. 31-15-7-4; *see also* *Roberts v. Roberts*, 670 N.E.2d 72, 77-78 (Ind. Ct. App. 1996) (observing that whereas "Indiana does not permit a degree to be included as marital property," student loans are "properly considered as part of the marital estate").

[11] Ultimately, after the court equally distributed the $108,746 in value, Husband netted $54,373 and Wife—having been allocated $51,042 in student loans—

effectively netted only $3,331. Husband now argues that he should have received more of the marital estate. Yet, the court's decision already reflects a substantial deviation in his favor: more than 90% of the adjusted net value to Husband. We are unpersuaded by Husband's contention that the court abused its broad discretion by failing to award him even more of the marital estate.

Affirmed.

Mathias, J., and Bradford, J., concur.